IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH A. LEEK,

                  Plaintiff,

       v.                                    CASE NO. 21-3100-SAC

KATHRYN A. ANDROSKI, et al.,

                  Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se. The court has conducted an initial screening of the complaint under 28 U.S.C. § 1915A. That provision directs a court to conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a).

### Nature of the complaint

The complaint presents three claims: first, plaintiff complains that he has been denied adequate access to the courts due to restrictions on his use of the law library and its resources. He also complains that tablets provided to aid prisoners with legal research do not have adequate resources. In his second claim, plaintiff complains that cell searches are used to intimidate prisoners. In the third, he complains that a recent cell search was retaliation for his refusal to leave the shower as directed.

## Analysis

Because the present complaint appears to assert unrelated claims against different defendants, the court will direct plaintiff to submit an amended complaint. The amended complaint must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure. Rule 20 governs permissive joinder of parties and provides, in relevant part:

> (2) Defendants. Persons…may be joined in one action as defendants if:
>
>  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>  (B) any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties

and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."). *Id*. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. Of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties any be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

In any amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance with Rules 18 and 20 and must limit the facts and allegations to

properly-joined parties and events. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

Plaintiff must submit an amended complaint that (1) shows that he has exhausted available administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim of a federal constitutional violation and states a federal cause of action; and (4) alleges sufficient facts to show personal participation by each defendant.

If plaintiff fails to submit an amended complaint consistent with these directions, the court will consider whether this matter should be dismissed without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **June 21, 2021**, to submit an amended complaint that complies with Rules 18 and 20 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:  This 20th day of May, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge