IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH D. LEEK,

                    Plaintiff,

vs.                                        Case No. 21-3100-SAC

KATHRYN A. ANDROSKI, et. al.,

                    Defendants.

## O R D E R

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Hutchinson Correctional Facility (HCF).  He has recently filed a motion to supplement his amended complaint with allegations relating to his incarceration at the Lansing Correctional Facility (LCF).  Doc. No. 7.  Plaintiff's motion for leave to file a supplemental complaint shall be granted and the court shall treat the amended complaint at Doc. No. 7-1 as the operative complaint in this case.[1]  Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and includes a supplemental state law claim for breach of contract.[2]  This case is before the court for the purposes of

---

[1] An amended complaint supersedes the prior complaint in all respects.  Gilkey v. Marcantel, 2016 WL 909251 *1 n.1 (10th Cir. 3/10/2016).
[2] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

screening plaintiff's the amended complaint at Doc. No. 7-1 pursuant to 28 U.S.C. § 1915A.

## I. Screening standards

Plaintiff should be familiar with the screening standards applied by the court from the court's review of those standards in Leek v. Scoggin, Case No. 20-3051, Doc. No. 47, pp. 5-7. The court incorporates that discussion here.

## II. Plaintiff's amended complaint

At the outset, it should be noted that plaintiff was transferred from HCF to LCF on April 28, 2021, according to his notice of change of address (Doc. No. 3).

Plaintiff alleges a denial of access to the courts because of restrictions upon his use of HCF's law library and other resources. The restrictions described are as follows: 1) plaintiff could not do partnership research with another inmate when plaintiff was on restricted status; 2) while on restricted status plaintiff was limited to two library visits per week for a total of two and one-half hours, with no exceptions made for time-sensitive projects; 3) plaintiff was forced to choose between yard time and library time on some occasions; 4) requests for material collected by library staff were cumbersome, ineffective and frustrating; 5) library clerks refused to do research for plaintiff; 6) the cost of obtaining copied material was a barrier to research; 7) materials were outdated; and 8) plaintiff had no or limited access

to computerized legal research despite a contract between the Kansas Department of Corrections (KDOC) and a private company to provide such resources.

Regarding his incarceration at LCF, plaintiff alleges that he was assigned to a restricted housing unit at LCF.  Plaintiff alleges:  1) that he has been prevented from working with other inmates on legal research or legal matters; 2) that he is required to request legal materials by a specific page cite system only and not allowed law books in his cell; 3) that he is limited to requesting three cases at a time which must be returned in a week before he may receive more; and 4) although he has greater access to computer tablets than at HCF, the tablets do not have the ability to access Lexis.

The amended complaint as supplemented names the following defendants:  Kathryn Androski, HCF librarian; Misti Kroeker, administrator and contract monitor at HCF; IC Solutions, a company contracting with KDOC to provide tablets for legal research; Dan Schnurr, Warden at HCF; James Skidmore, deputy warden of operations at LCF; John Stiffin, head librarian at LCF; and Shannon Meyer, Warden at LCF.  Plaintiff seeks declaratory and injunctive relief. He also seeks compensatory damages, punitive damages and nominal damages.

III. <u>Access to the courts</u>

The Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Nor does the Constitution grant inmates a right to provide legal assistance to other inmates if restrictions against doing so are reasonably related to legitimate and neutral governmental objectives. <u>Shaw v. Murphy</u>, 532 U.S. 223 (2001); see also, <u>Brooks v. Colorado Dept. of Corrections</u>, 762 Fed.Appx. 551, 559 (10th Cir. 2019)(no constitutional right to work as jailhouse lawyer for other inmates); <u>Center v. Lampert</u>, 726 Fed.Appx. 672, 675 (10th Cir. 2018)("Prison officials enjoy a legitimate penological interest in restricting communications between inmates, even when the ostensible purpose is to obtain advice from jailhouse lawyers."). Courts should be mindful that "[p]rison officials are to remain the primary arbiters of the problems that arise in prison management." <u>Shaw</u>, 532 U.S. at 230.

Plaintiff, however, does have a constitutional right to "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" <u>Lewis</u>, 518 U.S. at 351, quoting <u>Bounds v. Smith</u>, 430 U.S. 817, 825 (1977). "The right [to access the courts] 'guarantees no particular methodology but rather the conferral of a capability - - the capability of bringing contemplated challenges to sentences or

4

conditions of confinement before the courts.'" Brooks v. Colo. Dept. of Corrections, 730 Fed.Appx. 628, 631 (10th Cir. 2018)(quoting Lewis, 518 U.S. at 356). "The right . . . is 'only [the right] to present . . . grievances to the courts,' and does not require prison administrators to supply resources guaranteeing inmates' ability 'to litigate effectively once in court' or to 'conduct generalized research.'" Id., quoting Lewis, 518 U.S. at 354 and 360.

"To state a claim for denial of [access to the courts]," plaintiff "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." Trujillo v. Williams, 465 F.3d 1210, 1226 (10th Cir. 2006). This must be addressed in the complaint's allegations in a manner that gives fair notice to a defendant. Christopher v. Harbury, 536 U.S. 403, 416 (2002); McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001). A plaintiff might, for example allege the dismissal of an action for failure to satisfy a technical requirement he could not have known without better legal assistance or that he was unable to bring a complaint because of the inadequacy of legal resources. Lewis, 518 U.S. at 351. A general claim, however, that plaintiff could have presented a better legal argument is not sufficient to show a denial of the right of access to the courts. Lewis, 518 U.S. at 354; see also Brooks v. Colorado Dept. of Corrections, 762 Fed.Appx. 551, 558 (10th Cir. 2019)(general allegations without

explanation of how policies caused prejudice fail to sufficiently allege actual injury); Ruppert v. New Mexico Dept. of Corrections, 625 Fed.Appx. 820, 824 (10th Cir. 2015)(allegations of actual injury must go beyond mere conclusions); Wardell v. Duncan, 470 F.3d 954, 959 (10th Cir. 2006)(conclusory claims of prejudice are insufficient).

Plaintiff alleges that he has two cases in which his efforts have been impeded by defendants.   One case is Leek v. Scoggin, Case No. 20-3051, a civil rights action.   There has been service of process in that case, a Martinez report has been filed, and litigation is proceeding with plaintiff recently having filed a response to the court's screening order directing plaintiff to show cause why plaintiff's amended complaint should not be dismissed.   Plaintiff states that he is not pleased with his responsive pleading due to deficiencies in the law library and obstacles to his research.[3]  The other case, Leek v. Brown, Case No. 21-123711, is a state habeas action now on appeal to the Kansas Court of Appeals. It was originally filed in state district court in 2020.  Plaintiff has indicated that he has no way to research and write an appellate brief in the action and that he has pending a request for appointment of counsel.

---

[3] So far the court has denied plaintiff's motions for appointment of counsel without prejudice in Leek v. Scoggin.

The court finds that plaintiff has failed to allege facts plausibly showing that defendants' actions relating to his access to legal resources have prejudiced him in pursuing litigation. Plaintiff's allegations are merely general assertions that fail to show that he has been unable to present his cases and claims in state and federal court.

IV.  Injunctive and declaratory relief

The court held in the most recent screening order in Leek v. Scoggin, Case No. 20-3051, Doc. No. 47, p. 13-14, that plaintiff's transfer to LCF renders moot his claims for injunctive relief against the HCF defendants he sued in that case.  This applies as well to plaintiff's claims for injunctive and declaratory relief against HCF defendants in this case.  See also Abdulhaseeb v. Calbone, 600 F.3d 1301, 1311 (10th Cir. 2010)(a prisoner's transfer from one prison to another moots claims for declaratory and injunctive relief against officials at the prior facility); Marrie v. Nickels, 70 F.Supp.2d 1252, 1259 (D.Kan. 1999)(same holding in prison conditions case).

Plaintiff's claims for declaratory and injunctive relief against the LCF defendants appear subject to dismissal at this point because, as already explained, plaintiff has not stated a claim for denial of access to the courts.

V. <u>Contract claim</u>

A breach of contract claim arises from state law.  This court does not have jurisdiction over a state law claim without diversity of citizenship under 28 U.S.C. § 1332 or supplemental jurisdiction under 28 U.S.C. § 1367.  Plaintiff does not allege facts supporting diversity jurisdiction under the terms of § 1332 because plaintiff does not describe a matter in controversy exceeding $75,000 in value.  And the court should not exercise supplemental jurisdiction over a state law claim if the federal law claims are dismissed. See <u>Koch v. City of Del City</u>, 660 F.3d 1228, 1248 (10th Cir. 2011). As explained already, it appears that the amended complaint fails to state a federal claim for relief.  Thus, any state law supplemental claims should be dismissed without prejudice.

In addition, none of the individual defendants are alleged to be parties to the contract with IC Solutions and therefore are not liable for breach of contract.

VI. <u>Conclusion</u>

In conclusion, the court grants plaintiff's motion to amend the complaint (Doc. No. 7), finds that the amended complaint as supplemented (Doc. No. 7-1) is the operative complaint, and further holds that Doc. No. 7-1 is subject to dismissal because plaintiff has failed to state a claim under federal law.  The court shall grant plaintiff time until August 30, 2021 to show cause why this case should not be dismissed or to file another amended complaint

8

which corrects the deficiencies found in Doc. No. 7-1.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 29th day of July 2021, at Topeka, Kansas.


s/Sam A. Crow _____
U.S. District Senior Judge