# Grievance-Response on Appeal

**FACILITY:**          **Hutchinson Correctional Facility**

**INMATE:**           **0063523 LEEK, KENNETH**   *C2-121*

**GRIEVANCE NO.:** BA00018567

**DATE:**             **July 23, 2020**

## FINDINGS OF FACT

The response provided to the inmate by staff at the facility is incorporated herein by reference and made part of this response.

On appeal, the inmate offers no evidence or argument that suggests that the response rendered by staff at the facility is wrong.

## CONCLUSIONS MADE

The response rendered to the inmate by staff at the facility is appropriate.

## ACTION TAKEN

None further.

**Douglas W. Burris**
**SECRETARY OF CORRECTIONS DESIGNEE**

cc:    Warden Schnurr
Image: SOCRESP w/attachments

The original response on appeal and all attached documents were mailed to the inmate by way of United States Mail on _____.

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: KENNETH D. LEEK                    Facility: H.C.F.

Inmate Number: 63523                    Grievance Serial No. BA0001856?

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Secretary of Corrections
            Landon State Office Building
            900 Jackson, 4th Floor
            Topeka, Kansas 66612

Date Mailed: 7-18-20

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.)

These issues are not being addressed. Everyone is playing games, please stop.

Without prejudice,

Kenneth D. Leek

Signature of Inmate

---

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned within 20 days)

If applicable - Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____        Date Sent to Inmate: _____

RECEIVED

JUL 2 3 2020

DOC Facility Management Area

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

---

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code    Ø1,   Ø2,   Ø8   or   Ø9)   __ __

DC  Ø9Ø, Effective May 1, 1988

P-157a



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

July 9, 2020

TO:   0063523 LEEK, KENNETH   C3-121

Hutchinson Correctional Facility

RE:   Grievance # NA

I am writing to you in response to your grievance report form that we received.

K.A.R. 44-15-102 requires an inmate to file a formal grievance with the principal administrator of the facility before appealing to the Secretary.

The content of your grievance form reflects no evidence that you filed your grievance with the facility principal administrator before pursuing an appeal with the Secretary.

In accordance with K.A.R. 44-15-102 (c) (4), we are forwarding your grievance to the warden of the correctional facility where you are housed.  If you have further questions regarding this matter, we suggest that you contact your unit team.

Sincerely,

Douglas W. Burris
Corrections Manager, Facility Management

cc:   Warden Schnurr
      w/attachments
Image:  SOCRESP
      w/attachments



Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS  67504-1568

phone:  620-625-7238
fax:  620-662-7646
HCFI@ks.gov
www.doc.ks.gov

Laura Kelly, Governor

Jeff Zmuda, Secretary
Dan Schnurr, Warden

Hutchinson Correctional Facility

DATE:        July 8, 2020

TO:            Leek, Kenneth #63523
                  C2-121

COPY

SUBJECT:   Grievance #BA00018567

FROM:       Dan Schnurr, Warden
                  HUTCHINSON CORRECTIONAL FACILITY

**FINDING OF FACTS:**  You have submitted a grievance to complain about the limits imposed on you regarding access to the law library as a result of your Restriction status.

**CONCLUSIONS MADE:**  I concur with the Unit Team response.

**ACTION TAKEN:**  None warranted. This is my final answer to you on this matter. Any subsequent grievances received from you concerning this subject shall be returned to you with no further response. You may appeal this decision to the Secretary of Corrections in accordance with applicable regulations that may be found in your Inmate Rule Book.

Dan Schnurr
HCF, Warden

DS/cds/es

cc:  Unit Team Manager

TO:        Jeff Zmunda
           Secretary of Corrections
           H.C.F.  P.O. BOX 1568
           Hutchinson, KS  67504-1568

                                              July 2, 2020

FROM:      Mr. Kenneth D. Leek #63523
           H.C.F.  P.O. BOX 1568
           Hutchinson, KS 67504-1568

                                          *RECEIVED*
                                          *JUL 09 2020*
                                          *DOC Facility Management Area*

RE:        Unanswered Grievance

Dear Mr. Zmuda:

        Enclosed please find a copy of an unnumbered grievance that I never received a
response from the warden on.  He has had over a month to answer so it's obvious that
he's not going to respond.  Pursuant to K.A.R. §44-15-102(G):

If no response is received from the warden in the time allowed, any grievance may be
sent by an inmate to the secretary of corrections with an explanation of the reason for
the delay.

        This is a serious matter and it's needs to be addressed.  Thank you for your time
and assistance in this matter.

                                  Respectfully Submitted,

                                  *Kenneth D. Leek*

                                      Kenneth D. Leek

CC: File

Mr. Kenneth D. Leek #63523
H.C.F.  P.O. BOX 1568
Hutchinson, KS  67504-1568

## FORMAL GRIEVANCE

Exhaustion of administrative remedies pursuant to K.A.R. 75-52,138

This grievance is being filed due to the lack of meaningful access to the courts received by inmates in the central unit at H.C.F.

There is no doubt that a state official's interference with an inmate's access to the court is prohibited by the First, Sixth and Fourteenth Amendments of the United States Constitution. **Lewis V. Casey**, 518 U.S. 343, 361-62 (1996) There are numerous ways that the inmates in the central unit here at HCF are having those rights violated.  These issues will be addressed in turn below.

### ARE INMATES ON PRIVILEGE RESTRICTION RECEIVING ADEQUATE ACCESS TO THE LAWL LIBRARY?

The following is an excerpt from IMPP 10-107:

DEFINITIONS

Access:  Ability to enter into and/or use the facility, equipment, or environmental surroundings of the library and its holdings, or the  means by which  library services and materials are made available.

*********************************************************************

I.      Access to Library Services

B.      In facility areas where direct access to the library is restricted due to security or    other considerations (administrative and disciplinary segregation, infirmary,etc.), **provisions shall be made to provide inmates an opportunity to have access to legal reference materials** and to borrow   reading      materials from the facility library. (ACI 3-4256; 3-4257; 3-4261; 3-4264) (Emphasis Added)

II.      Law Library

on its face and must be changed.  The court in **Johnson -El V. Schoemel**, 878 F.2d 1043, 1053 (8th Cir. 1989) would agree:

"Inadequate library access and facilities may compound the problem. Even if detainees actually were given **one hour twice a week in the library, as the City contends but plaintiffs dispute, this is obviously inadequate to research most legal claims.** Williams v. Leeke, 584 F.2d 1336 (4th Cir. 1978), cert. denied, 442 U.S. 911, 99 S. Ct. 2825, 61 L. Ed. 2d 276 (1979) (forty-five minutes three times a week usually so meager as to be unmeaningful); Nickl v. Schmidt, 351 F. Supp. 385 (W.D.Wis. 1972) (two hours per week insufficient); McDonnell v. Wolff, 342 F. Supp. 616, 622 (D.Neb. 1972) (seven hours per week unreasonable), aff'd on this ground, rev'd in part, 483 F.2d 1059 (8th Cir.), reh'g denied, 483 F.2d 1067 (1973) (per curiam), aff'd in part, rev'd in part, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (this issue not appealed).

It is certainly established that access to the legal system must be "meaningful." Bounds v. Smith, 430 U.S. at 823. We think reasonable officials would recognize in light of existing law that the phone restrictions, library restrictions and the lack of privacy for communications with attorneys, if true, are unconstitutional. Existing law makes clear that access to law libraries, lawyers and the courts is required for functional reasons. The mere existence of these avenues has never discharged the duty of similar defendants." (Emphasis Added)

The law is clearly established that the paltry amount of time inmates on privilege restriction receive in the law library at HCF central unit violates their right of access to the court.

## ARE INMATES ON PRIVILIGE RESTRICITON ENTITLED TO BE SCHEDULED WITH AND TO RECEIVE ASSISTANCE FROM JAILHOUSE ATTORNEYS?

According to the schedule posted in each living unit and on the door of the library, "partners" law library is only to be scheduled on Wednesdays and Sundays Ms. Androski, the librarian at the HCF central unit, told me that inmates are not allowed to atttend partners days while they are on privilege restricition.  She says she is only following H.C.F. G.O. 15-104 which provides no allowance for inmates on restriction to assist each other with the filing of legal pleadings.  She further makes clear that to her attending law library is a privilege, not a right, and if we would like to work together then we shouldn't get disciplinary reports.

There are thousands of court opinions that disagree with Ms. Androski and the drafter of the prison order.  See **Corpus V. Estelle**, 409 F.Supp. 1090, 1095-96 (D.Tex. 1975):

"The first legal issue to be adjudicated concerns the TDC rules and regulations concerning inmate mutual assistance in cases arising under 42 U.S.C. § 1983. **The parties are not in disagreement, as well they could not be, that inmates are permitted to assist each other in the preparation of civil rights cases based upon the recent Supreme Court decision in Wolff v. McDonnell, 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963**

**Fourteenth Amendment** right to court access and his **Eighth Amendment** right to outdoor exercise are not "either/or" rights. An inmate should not have to forego outdoor recreation to which he would otherwise be entitled simply because he exercises his clearly established constitutional right of access to the courts. See Bounds, 430 U.S. at 828 (right of access to the courts is "fundamental" and requires prison officials to provide prisoners with law libraries).

Although we recognize that exceptional circumstances sometimes may necessitate that an inmate make difficult choices between using the law library and pursuing other activities, an inmate cannot be forced to sacrifice one constitutionally protected right solely because another is respected. Whether HMSF had a policy of forcing inmates to choose between outdoor exercise and library use, whether and how frequently Allen himself was faced with this choice, and whether forcing such a choice on him was justified under the circumstances are factual issues to be developed at trial.

During the time Allen was incarcerated in SHU, an inmate's right to outdoor exercise and his right to law library access both were clearly established. Since a reasonable prison official should have known that he could not deprive Allen of one simply because he permitted Allen to exercise the other, Salgado is not entitled to qualified immunity at the summary judgment stage."

Contrary to Ms. Androski's opinion, inmates do not have to choose between going to yard and attending the law library.


## IS INMATE USE OF THE LAW LIBRARY DISCOURAGED BY MS. ANDROSKI?

There is no secret that there are numerous problems with the legal research computers at HCF. Often the computer will freeze up or reboot itself due to all the sucurity protocols activated by the IT administrator. This will cause the inmate to lose everything he was typing because the system has to be rebooted. If an inmate asks Ms. Androski can he stay a little late into the next session so he can get his pleadings finished she will tell you no and demand you leave immediately. This is the case even when there are multiple research computers available because no one is scheduled. In fact, no matter what your issue is Ms. Androski just wants you out of the library---period.

This issue isn't about staff not following policy or court precedent, it's a matter of common courtesy. It makes no sense for a librarian working in a prison to not want to see any prisoners in the law library. Even so, that is exactly what's going on at HCF. Ms. Androski

To:     Leek 63523
From:  Androski, CU Library
Date:  5/20/2020
Re:     Form 9 response

Your questions:  Why do inmates on restriction only get 2 hours a week of law library time? What rule prohibits restriction from receiving "partnered help" in the law library?  Why do we have to choose between law library and yard?

Answers:  Inmates on restriction are able to get 2 ½ hours of time in the library per week (each appointment is one hour and 15 minutes).  HCF GO 15-104 (attachment A) lists the privileges that inmates have when they are on restriction.   Section II, (M) states that inmates on restriction "May attend Library as follows: make legal appointments on Mondays (12:45/2:00 pm) and Wednesdays (7:30/8:45 am) only, and they may request 3 books per week (paperback or hardcover)."  It does not state that inmates in restriction are allowed to attend library on Wednesday nights or Sundays, which is when partners are scheduled.

When you request law library appointments, you are asked to circle the times on the form when you are able to come to an appointment.  It is your responsibility to choose law library appointment times that don't conflict with your yard time or other callouts.  For example, if you have a 6:00 pm law library appointment, and you are at yard at 6:00 pm, then your law library appointment will be cancelled because you chose to go to yard instead of being available to go to your law library appointment.

Androski



**Kansas**
Department of Corrections
*Hutchinson Correctional Facility*

P.O. Box 1568
Hutchinson, KS 67504-1568

Phone: (620) 625-7238
Fax: (620) 662-7646
HCFI@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary
Dan Schnurr, Warden

Laura Kelly, Governor

DATE:       May 27, 2020

TO:         Leek, Kenneth #63523
            C2-121

FROM:       C. Schneider, UTM

SUBJECT:    Grievance

**FINDING OF FACT:**

You have submitted a grievance to complain about the amount of time that you are allowed to spend in the library while on RESTRICTION status. You claim that the restrictions placed on you as a result of your behavior have also resulted in a lack of meaningful access to the courts.

**CONCLUSIONS:**

The procedures for accessing legal materials from the library and the restrictions placed on you as a consequence of your behavior are in compliance with applicable policies.

**ACTION TAKEN:**

No further action warranted. If you are not satisfied with my position on this matter, you have the right to appeal this grievance to the Warden's office within three (3) days of being notified of this decision.

C. Schneider, UTM
Hutchinson Correctional Facility, C Cell House

#LFV



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

March 4, 2021

TO:   0063523 LEEK, KENNETH   A2-203

      Hutchinson Correctional Facility

RE:   Grievance (2) # NA

I am writing to you in response to your two unnumbered grievance report forms
that we received.

K.A.R. 44-15-102 requires an inmate to file a formal grievance with the principal
administrator of the facility before appealing to the Secretary.

The content of your grievance form reflects no evidence that you filed your
grievance with the facility principal administrator before pursuing an appeal with
the Secretary.  You state that you included the grievance receipts, however,
these were not included with your correspondence therefore I see no evidence
that the principal administrator has failed to respond within the timeframe outlined
in regulation.

As such, and in accordance with K.A.R. 44-15-102 (c) (4), we are forwarding
your grievances to the warden of the correctional facility where you are housed.
If you have further questions regarding this matter, we suggest that you contact
your unit team.


Sincerely,

Libby T. Keogh
Corrections Manager, Facility Management


cc:      Warden Schnurr w/attachments
Image:  SOCRESP w/attachments

TO: Mr. Jeff Zmuda
     Secretary of Corrections
     714 S.W. Jackson St, Suite 300
     Topeka, KS 66603

                         February 28, 2021

**RECEIVED**

FROM: Mr. Kenneth D. Leek #63523

~~MAR 0 3 2021~~

     H.C.F. P.O. Box 1568

DOC Facility Management Area

     Hutchinson, KS 67504-1568

RE: Appeal of unnumbered grievance

Dear Secretary,

     Enclosed please find a copy of two unnumbered
grievances that I am submitting for appeal. The warden
failed to respond within the 10 days alloted by K.A.R.
44-15-102 so I am forwarding it to you. I've also
included the grievance receipts.
     Thank you for your time and assistance.

cc: File                    Respectfully,
                            Kenneth D. Leek
                            KENNETH D. LEEK

**APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS**

Inmate Name: KENNETH O. LEEK     Facility: H.C.F.

Inmate Number: 63523     Grievance Serial No.: _____

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Kansas Department of Corrections     Date Mailed: February 28, 2021
            714 SW Jackson
            Suite 300
            Topeka, KS 66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) Access to the court is a fundamental right. HCF segregation inmates don't have it. This is the digital era and the KDOC must evolve. Who is monitoring contracts? Why would the prison fight me on this? Change is needed now, not later.

                        without prejudice to
                        Kenneth O. Leek
                        Signature of Inmate

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____     Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

                        _____
                        Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b: Code    01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014

AD ASTRA PER ASPERA

# Kansas
Department of Corrections

Phone: (620) 625-7238
Fax: (620) 728-3473
HCFI@ks.gov
www.doc.ks.gov

P.O. Box 1568
Hutchinson, KS  67504-1568

Jeff Zmuda, Secretary
Dan Schnurr, Warden

Laura Kelly, Governor

Date:        2/12/2021

To:          Leek, Kenneth #63523 A1-248

Subject:     Grievance

From:        J. Hertel, UTS

             Hutchinson Correctional Facility

**FINDING OF FACTS:** You submitted a grievance concerning offender access to the courts while being housed in restrictive housing.

**CONCLUSIONS MADE:** I have reviewed your grievance and the attached form-9.   While in Restrictive Housing, you are given the opportunity to request legal materials every week and these materials are delivered to you each week.  There are times when offenders request material, or if in general population, look for information that our library may not have available.  In your form 9 dated 1/28/2021, you stated that you "asked them to research some issues/cases the state attorney cited". It is not the responsibility of any staff at HCF, including our library staff, to research any legal topic for offenders.  This is for all offenders, not just those that are housed in Restrictive Housing.  Our library staff are not legal aides or legal professionals.  Offenders housed in Restrictive Housing have access to any legal materials they may request as long as said materials are available just as those in general population have.

As of this date, I have received no additional information regarding the content of the contract between KDOC and the GTL tablet software company.  Software and applications available to our offender population through the tablets are launched in stages.  There are a handful of applications that will be available to our offender population but that have not been launched yet.

**ACTION TAKEN:** None warranted.  If you are unsatisfied by the Unit Team's response, you may forward this grievance to the Warden's office within three calendar days of your receipt of it.

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name __KENNETH D. LEEIS__    Number __63523__

Facility __H.C.F.__    Housing Unit __A1-248__    Work Detail __NONE__

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). The attached letter to Misti Kroeker shall be incorpaed here by reference and shall serve as the subject matter of this grievance. We do not have proper access to the court here at H.C.F. and no one seems to care. We can't order cases or do proper legal research with the system we have in place. Cell delivery systems with no segregation law library is unconstitutionals

Date this report was given to Unit Team for informal resolution (to be completed by inmate). __2/18/21__

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

_____
Unit Team Signature                    Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

_____ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_____
Inmate Signature                    Date

**`WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _____    Date of Final Answer _____    Date Returned to Inmate _____

_____    _____
Inmate's Signature        Date    Unit Team Signature        Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                    _____    _____

Type of Complaint (Item 4: Code 01-75)    _____    _____

Cause of Complaint (Item 5: Code 01-30)   _____    _____

Type of Response (Item 6a: Code 01,02,08 or 09)

Mr. Kenneth D. Leek #63523
c/o 500 Reformatory Rd.
Hutchinson, Ks [67504]


February 1, 2021

Ms. Misti Kroeker
Contract Monitor
P.o. Box 1568
Hutchinson, Ks 67504-1568


RE: Segregation inmates' lack of access to the courts


Dear Misti,

   I am writing you at this time seeking your assistance with a breach a contract that is resulting in segregation inmates being denied access to the courts. It is my hope that you can intervene in this matter to prevent costly and harmful litigation.

   At this point in time I am a long-term administrative segregation inmate. I have numerous cases in court and I'm not able to properly prosecute my claims because I don't have access to the law

library. This has been an issue at H.C.F. for as long
as I can remember. To combat this problem the KDOC
and CenturyLink Public Communications entered
into contract for them to provide numerous services.
One of those services was access to tablets with
multiple applications.

In contract number 44861 subsection 4.18.11
clearly states that inmates shall have free access to
law library applications. I had the tablet yesterday
and almost none of the apps work and there is no
app for the Lexis Nexis legal research database.
The contract was entered into on June 1, 2018 and
expires on May 31, 2023. That is a five year
contract. We are half way through the contract
and there is still no application for access to law
library. Why? Why is no one monitoring this
contract? When will this problem be resolved?

I realize inmates' right of access to the court
isn't a major concern here but if this breach of contract
is not addressed it will result in litigation. Please help.

cc: File

Respectfully,

Kenneth D. Leek

KENNETH D. LEEK

(2)

Form 9
For Cellhouse Transfer
Work Assignment INFORMAL RESOLUTION
Interview Requests

A1-248

LEEK
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

63523
Number

**OFFENDER REQUEST TO STAFF MEMBER**

To: Unit Team J. Hertel          Date: 1/28/21
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

I have basically NO access to the law library, I requested them to research some issues/cases the State attorney cited in a motion and they won't do it. I have no way to do anything. That's illegal. Also, the contract between GTL and the KDOC says the tablets are supposed to provide us with access to the legal research computer (LEXIS Nexis) but it doesn't. That's breach of contract.

Work Assignment: NONE                 Living Unit Assignment: A1-248.

Comment: _____  Detail or C.H. Officer: _____

Disposition: _____

To: _____          Date: 1-28-21
(Name & Number)

Disposition: Law Library only has to supply you the information requested as long as it is available in the library or in their resources. They do not have to or will they research any legal matter on behalf of an offender. They are not legal professionals or aides. All apps are to be implemented in stages. As soon as I get additional info on this I will post abry.

Employee's Signature                          **To be returned to offender.**

P-0009

**Form 9**
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_LEEK_
Last Name Only

**KANSAS DEPARTMENT OF CORRECTIONS**

_G3523_
**Number**

**OFFENDER REQUEST TO STAFF MEMBER**

To: _Unit Team J. Hertel_                     Date: _1/28/21_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Can you please provide me with the name of the contract monitor for the KDOC / HCF?

Thanks      Also, the address

Work Assignment: _None_                Living Unit Assignment: _A1-248_

Comment: _____ Detail or C.H. Officer: _____

Disposition: _____

_____

_____

_____

To: _____     Date: _1-28-21_
         (Name & Number)

Disposition: _It depends on what contract you are referring to, we have many. If referring to the contract f w/ talk + company, I believe it to be Misti Krocker of our EU_

_____
         Employee's Signature

**To be returned to offender.**

P-0009



#LF✓

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Department of Corrections

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

March 30, 2021

TO:    0063523  Leek, Kenneth D.    A2-203

        Hutchinson Correctional Facility

RE:    Invalid Grievance

I received your informal grievance.  These issues have already been addressed and these complaints are repetitive.

*KAR 44-15-102 (d) (3) No offender shall abuse the grievance system by repeatedly filing the same complaint.*

For this reason, your repetitive grievance is being returned to you without substantive response.

Sincerely,

Darcie Holthaus
Corrections Manager, Risk Management

cc:    Correspondence
        Warden Schnurr
        w/attachments

**APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS**

RECEIVED

Inmate Name: KENNETH D. LEEK     Facility: HIGOF,

MAR 26 2021

Inmate Number: 63523     Grievance Serial No.: BA00018923     DOC Facility Management Area

So-called duplicate of

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:     Kansas Department of Corrections     Date Mailed: 3/21/21
714 SW Jackson
Suite 300
Topeka, KS  66603

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) These issues are not duplicative of my prior grievance. These access to the court issues need to be addressed and ms. Androski needs training. She clearly doesn't have a clue. This issue isn't going away.

without prejudice,

Kenneth D. Leek

Signature of Inmate

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned with 20 days)

If applicable – Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____     Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**

Type of Response (Item 6b:  Code     01, 02, 08 or 09) _____

DC 090, Effective May 21, 2014



**KANSAS**
Department of Corrections
Hutchinson Correctional Facility

Phone: (620) 625-7238
Fax: (620) 728-3473
HCFI@ks.gov
www.doc.ks.gov

P.O. Box 1568
Hutchinson, KS 67504-1568

Jeff Zmuda, Secretary
Dan Schnurr, Warden

Laura Kelly, Governor

DATE:       3/16/2021

TO:         Leek, Kenneth #63523
            A1-248

SUBJECT:    Grievance Regarding Access to Courts

FROM:       Dan Schnurr, Warden
            HUTCHINSON CORRECTIONAL FACILITY

In your grievance, you claim that offenders in Restrictive Housing are denied access to the Courts. You were provided my response regarding this issue in grievance response BA00018725 dated Mach 8, 2021.

*Your access to the Courts are not being denied while in Restrictive Housing. While you may not have the same tools for Legal Library while in Restrictive Housing, you are not denied access to the Courts while in Restrictive Housing as laid out in UTS Hertel's response. I will forward on your complaints concerning the tablet issues with the correct parties.*

You have already filed a grievance on the issue brought forth in your most recent grievance that have been forwarded to my office. This and any subsequent grievance received from you concerning this subject shall be returned to you with no further response.

Dan Schnurr
HCF, Warden

DS/JB
cc: Unit Team Manager

# MEMO

**Kansas**
Department of Corrections
*Hutchinson Correctional Facility*

Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
(620) 662-2321
Fax: (620) 728-3473
Email: dan.schnurr@ks.gov
www.doc.ks.gov

**DATE:** 3/5/2021
**TO:** Leek, Kenneth #63523, A1-248
**FROM:** J. Hertel, UTS
**CC:**
**RE:** Grievance

---

**FINDING OF FACT:** You have filed a grievance regarding your access to the courts via library law materials.

**CONCLUSIONS MADE:** You have already filed a grievance on these issues. This and any subsequent grievances received from you concerning these subjects shall be returned to you with no further response.

**ACTION TAKEN:** No further action warranted. Further grievances over this issue will be returned unanswered as this response will serve as the answer for those as well.

J. Hertel UTS



**AD ASTRA PER ASPERA**

# Kansas
### Department of Corrections

Phone: (620) 625-7238
Fax: (620) 728-3473
HCFI@ks.gov
www.doc.ks.gov

P.O. Box 1568
Hutchinson, KS  67504-1568

Jeff Zmuda, Secretary
Dan Schnurr, Warden

Laura Kelly, Governor

Date:        2/12/2021

To:          Leek, Kenneth #63523 A1-248

Subject:    Grievance

From:       J. Hertel, UTS

            Hutchinson Correctional Facility

**FINDING OF FACTS:** You submitted a grievance concerning offender access to the courts while being housed in restrictive housing.

**CONCLUSIONS MADE:** I have reviewed your grievance and the attached form-9.   While in Restrictive Housing, you are given the opportunity to request legal materials every week and these materials are delivered to you each week.  There are times when offenders request material, or if in general population, look for information that our library may not have available.  In your form 9 dated 1/28/2021, you stated that you "asked them to research some issues/cases the state attorney cited". It is not the responsibility of any staff at HCF, including our library staff, to research any legal topic for offenders.  This is for all offenders, not just those that are housed in Restrictive Housing.  Our library staff are not legal aides or legal professionals.  Offenders housed in Restrictive Housing have access to any legal materials they may request as long as said materials are available just as those in general population have.

As of this date, I have received no additional information regarding the content of the contract between KDOC and the GTL tablet software company.  Software and applications available to our offender population through the tablets are launched in stages.  There are a handful of applications that will be available to our offender population but that have not been launched yet.

**ACTION TAKEN:** None warranted.  If you are unsatisfied by the Unit Team's response, you may forward this grievance to the Warden's office within three calendar days of your receipt of it.

## KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

### INMATE COMPLAINT

Inmate's Name __KENNETH D, LEEK__          Number __63523__

Facility __H.C.F,__          Housing Unit __A1-248__          Work Detail _____

---

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

Please, see attached

Date this report was given to Unit Team for informal resolution (to be completed by inmate). __3/4/21__

---

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.)

_____   _____
Unit Team Signature                Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_Kennth D Leek_____          __3/8/21__
Inmate Signature                                Date

---

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received __ __   Date of Final Answer _____   Date Returned to Inmate _____

_____   _____   _____   _____
Inmate's Signature         Date        Unit Team Signature        Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

---

### TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number _____

Type of Complaint (Item 4: Code 01-75) _____   _____

Cause of Complaint (Item 5: Code 01-30) _____   _____

Type of Response (Item 6a: Code 01,02,08 or 09) _____   _____

Duplicate of BA0018725

FORMAL GRIEVANCE

Exhaustion of administrative remedies pursuant to K.S.A. 75-52,138

INFORMAL RESOLUTION

For reasons unknown to me Ms. Androski does not return Form-9's sent to her but she does return the response slip. I have attached four of those receipts to this grievance.

ISSUES

As a long-term administrative segregation inmate I have a right to proper access to the court which I do not receive at H.C.F. The prison can provide that by giving me physical access to an adequate law library or to people trained in law. Here I'm getting neither.

Recently I requested to use the Prisoner's Self-Help Litigation Manual from the library. They sent me an old, out of date version. Had I been a novice and not aware of overruled cases and changes in the law I would have totally ruined any chance I had at gaining relief from the court. I returned the books and requested a newer version and was told that was the newest version they had. It is not. I used a much newer version when I was in general population.

At the same time I requested their D.O.C. K.S.A. Chapter 75 Article 52 package. When I got it I noticed the statutes were the 2005 version. Many of the statutes had been revised since then. I returned it and notified the library. My question: how many other supplies are out of date?

Another problem with segregation is we don't have access to a legal directory. I wrote the library and asked for the name and contact information of a legal professional and they said they couldn't find it and sent me the address to the courthouse. I know exactly where to find the information.

I requested copies of various cases from the library and Ms. Androski told me if I wanted to keep the cases I would have to provide copy tickets. After adding up the pages I realized it would have cost over $10.00 to photocopy them. Reluctantly, I returned them to the library. How is someone supposed to do research that way?

This is 2021 not 1921. The fact that we are still doing legal research, if you can call it that, by paper is shameful. There needs to be a Lexis Nexis computer installed down here along with some up-to-date reference books. We have NO inmates trained in law nor are they allowed to do research. We have GTL tablets as well as tablets we purchase from Access Corrections yet we cannot access Lexis Nexis on either. Why? Why does the KDOC wish to stay in the Stone Age?

<u>RELIEF SOUGHT</u>

Give segregation adequate access to the court. Ms. Androski doesn't know the first thing about prisoner rights and the Warden is allowing her to do whatever she wants. Maybe this is all by design...

— Kenneth D. Leek

KENNETH D. LEEK

(2)

Date: _____

To: leeik   63523
(Name & Number)                     A1-248

Disposition: Section 1983 litigation book sent. Request is too broad
for us to provide help as we cannot provide generalized
Research

Law Library
Employee's Signature                     **To be returned to offender.**

To: leek  63 523                     Date: 2-9-21/2-12-21
(Name & Number)
                     A1-248

Disposition: That one is The most up-to-date one we have.
All other items sent.

Law Library
Employee's Signature                     **To be returned to offender.**

P-0009

To: Lelis  63523                     Date: 2-18-21
(Name & Number)
                     A1-248

Disposition: I couldn't find The name, but The court house address is:
206  w  1st Ave
Hutchinson, KS  67501

law library
Employee's Signature                     **To be returned to offender.**

P-0009

To: Leek       63523                     Date: 2-22-2021
(Name & Number)                     A1-248

Disposition: We will print out a case for you to borrow and then return
to the library. If you want your own personal copy of a case, then
you must supply a copy ticket. You could check with your unit
team and ask if they will make copies for you.

law library - Androski
Employee's Signature                     **To be returned to offender.**

P-0009

* NOTE: If the item you requested is checked out, you will r



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

June 22, 2021

TO:   63523 Leek, Kenneth D.

      Lansing Correctional Facility

RE:   Informal Grievance Letter

I received your correspondence to the Secretary of Corrections Office seeking resolution of issues that are not emergencies and are not special kinds of problems.

**KAR 44-15-101 Inmate or parolee grievance procedure; informal resolution; formal levels.**
(b) Before utilizing the grievance procedure, the inmate shall be responsible for attempting to reach an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis. An inmate in a facility or parole setting shall contact the unit team members for the attempt at informal resolution. That attempt shall be documented. The facility's inmate request forms may be used to document this process. If this informal resolution attempt fails, the grievance system may then be used. If an emergency exists and a resolution could not be obtained by going to the unit team, the inmate may go directly into the grievance process.

You have made a series of statements, but not an issue of grievance.  For this reason, your correspondence is being returned to you.

A copy of your correspondence will be sent to the Warden of your facility for review.

Sincerely,

Darcie Holthaus CMII
Facility Management

cc:   Warden Meyer
      w/attachments
Image:  SOCRESP
      w/attachments

## APPEAL OF GRIEVANCE TO SECRETARY OF CORRECTIONS

Inmate Name: KENNETH D. LEEK                    Facility: L.C.F.

Inmate Number: 63523                    Grievance Serial No. AA 2021 0294

(Attach grievance report with Principal Administrator's response or explanation why Principal Administrator is bypassed.)

MAIL TO:    Secretary of Corrections                    Date Mailed: 6/8/21
            Landon State Office Building
            900 Jackson, 4th Floor
            Topeka, Kansas 66612

Tell the Secretary what you feel the Principal Administrator should have done, and state what action you believe the Secretary should take. (Use extra paper as needed.) The issues in this grievance are serious and merit attention. The so-called CTRH unit was hastily opened and is operating outside the law. Things that should have been handled administratively end up in court because no one in the administration respects the grievance process. Do the right thing.

Without prejudice,
Kenneth D. Leek
Signature of Inmate

**DECISION BY SECRETARY OF CORRECTIONS** (to be completed and returned within 20 days)
If applicable - Confidential File No. _____

Date Received in Office of Secretary of Corrections: _____

Date of Final Answer: _____    Date Sent to Inmate: _____

Finding of Fact:

Conclusions Made:

Action Taken:

_____
Signature of Secretary of Corrections

**For D.O.C. Staff Use Only**
Type of Response (Item 6b:  Code   Ø1,   Ø2,   Ø8   or   Ø9) __ __

DC  Ø9Ø, Effective May 1, 1988

P-157a

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name _KENNETH D. LEEK_          Number _63523_

Facility _LeCeFe_          Housing Unit _A2_          Work Detail _NONE_

## NATURE OF COMPLAINT BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMEN-TATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member).

[ Please, see attached documentation ]

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _5/20/21_

## UNIT TEAM RESPONSE (Complete and return to inmate within 10 calendar days.)

I have looked into your issue and have reached the following conclusion: The process for the collection of sick call slips has been corrected. The policies you quote are approved by the DOC and are being followed as written by the facility. There is a process in place for making requests to obtain legal materials from the law library, work with your UTM to obtain those items. Per policy we do not have to permit an offender to receive assistance from another offender with their personal legal endeavors. Based on this information no further action is deemed necessary at this time.

_____   _5-27-21_
Unit Team Signature                   Date

## INMATE RESPONSE (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__X__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_without prejudice,_ _Kenneth D. Leek_          _5/27/21_
Inmate Signature                                   Date

## WARDEN RESPONSE (Complete, attach response and return within 10 Working days.)

Date Received _JUN 02 2021_   Date of Final Answer _JUN 02 2021_   Date Returned to Inmate _6/7/21_

_without prejudice,_
_Kenneth D. Leek 6/7/21_          _D. Wildermuth UTM_
Inmate's Signature          Date   Unit Team Signature   _6/7/21 6:20_

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY          _AA 2021 0294_

Grievance Serial Number

Type of Complaint (Item 4: Code 01-75)          _03_

Cause of Complaint (Item 5: Code 01-30)          _03_

Type of Response (Item 6a: Code 01,02,08 or 09)          _01_

# MEMO



**Kansas**
Department of Corrections
*Lansing Correctional Facility*

**DATE:**  06-02-2021

**TO:**  Leek #63523

**FROM:**  Shannon Meyer, Warden

**SUBJECT:**  Grievance AA20210294

---

**Finding of the Facts:** Inmate Leeks is being refused access to the law library when being housed in A2.

**Conclusion:** The grievance officer has received and reviewed the grievance and the response from Rob Arnold is correct.  Please allow UTM Wildermuth to assist you with obtaining the case law you are needing from the law library.

**Actions Taken:** No further actions needed

# FORMAL GRIEVANCE

Exhaustion of administrative remedies pursuant to KSA 75-52,138

Impp 20-105 "POLICY" states:

" All basic operations of an administrative segregation unit, including the placement of inmates, filing of reports, notification of inmates, enforcement of inmate priviliges and rights, transfer to more restricted areas, and administration of discipline shall be carried out in concert with the provision of this Impp. "

This Impp states at section IV

" A. Each inmate in administrative segregation shall be treated as nearly as possible like any other inmate in the general population of the institution or facility.

B. When possible, the inmate shall retain such privileges and property as are commensurate with the particular circumstances or conditions for which the inmate was placed in administrative segregation.

C. Administrative segregation shall not be used or considered as punishment.

Inmates in the fictitious Long Term Restrictive

Housing Unit at L.C.F. are not being treated nearly as possible as any other inmate in the general population, are not retaining the privileges and property commensurate with their placement in administrative segregation, and are in a unit being used as punishment.

**A.** The fictitious existance of Long Term Restrictive Housing as a segregation status

When I arrived at L.C.F. I was informed I had arrived at something called the Long Term Restrictive Housing Unit (LTRH), which I'd never heard of, and subsequently I was provided with L.C.F. General Order 10,105. The General Order states in relevant part:

"POLICY

The Long Term Restrictive Housing Unit (LTRH) is a segregation status, which is more secure than restrictive housing. All residents placed in the LTRH will be initially processed through the Restrictive Housing Unit."

※※※※※

"DEFINITIONS

Long Term Restrictive Housing: Residents placed in Long Term Restrictive Housing are residents that have been influential STG members, shown violent tendencies toward staff and/or residents in and out of restrictive housing and are a management issue for the security

(2)

and control of the facility."

IMPP 20-104 "Purpose of Administrative Segregation & Appropriate Placements" contains all the classifications and guidelines for administrative segregation. LTRH is NOT a classification contained in the policy. In fact in section I it states:

"A. Inmates may be confined in administrative segregation for any of the reasons or conditions articulated under procedure I.B. of this IMPP.

1. Any inmate may be held in administrative segregation under any subsection or combination of subsections of this IMPP simultaneously.

a. If the inmate is held under more than one subsection, that fact shall be stated in the administrative segregation report.

Subsection I.B. of the IMPP lists the following as "independent criteria for placement of an inmate into administrative segregation:" Protective Custody, Pending results of an investigation, pre-hearing detention, communicable disease, critical monitoring, self-injury, history of self-mutilation, mental or emotional problems, emergency situation with violent behavior, escape risk, consistent bad behavior (multiple disciplinary reports in a one-year span), Other Security Risk, ~~and~~ holdover status, refusing to be fingerprinted, or serving a death sentence. Nowhere

(3)

can the classification of LTRH be found.

After speaking with the unit team it's clear that the prison administration truly believes the General Order they've thrown together gives them the ability to ignore the superior ImPP's that govern administrative segregation. They are wrong. In fact, the POLICY section of ImPP 20-102 supports my position:

" In order to provide for the efficient and consistant operation of segregation units throughout the facilities of the Department, each facility shall establish within its general orders a set of procedures designed to carry out the establishment and operation of such seg-regation units in a manner consistent with this and other relevant Departmental Management Policies and Procedures."

My placement in the LTRH unit and how I'm being treated is contrary to not consistent with the ImPP's that govern administrative segregation. The concept of the LTRH may be sound to the L.C.F. administration but it is in fact unlawful. I was pending investigation only and should have been out of segregation months ago.

B. Inmates in LTRH do not have access to the court

The LTRH unit was opened so hastily there was no consideration given to how they would provide the inmates held hostage with access to the courts.

(4)

The unit is so highly monitored and secure inmate rights have to take a back seat to an exaggerated response to security concerns. Any request to the library for a request for a case or anything else has to go through the unit team. Who knows what happens after that? Sometimes the Form-9's get responded to, sometimes not.

There are no Lexis Nexis research computers in the living unit, no satellite law library resource material, no licensed attorney visiting the unit — there's nothing. The library will not send law books to this particular living unit and the only way to get cases is to request them by specific cite. That is not adequate access to the court. The courts will come down on this facility like a ton of bricks when they find out what's going on here.

C. Inmates in the LTRH unit are not allowed to assist each other in legal matters.

To add insult to injury Skidmore and Major Ball have told unit team staff in this living unit that we are not allowed to offer each other mutual assistance in legal matters. If you have a criminal or civil matter you're dealing with pro se, you're on your own with no legal materials and no inmate assistance. Again, the courts will come down on this facility like a ton of bricks when they find out what's going on here.

(5)

D. Inmates in the LTRH unit have to give up their right to confidentiality to attend sick call.

When an inmate in the LTRH unit submits a sick call form it goes in the Unit Team box with the rest of the form-9's, mail, AWR forms, phone lists etc. The correctional officers routinely sort everything in the box for the unit Team.

I've been told for "security" reasons the unit team has to screen the sick call requests prior to them being forwarded to Centurion staff. I wasn't saw by medical personnel for four days because the unit team took Friday off and couldn't screen my sick call form! What if she took two or three days off?

Both the state and federal level legislators have enacted codes, statutes and regulations dealing with privacy and confidentiality rights of the people in regard to medical information. What's going on in the LTRH unit violates all of it. If it continues inmates will stop attending sick call, which will only cause more sickness and death in prison.

E. Inmates in the LTRH unit are being denied property and privileges they are entitled to.

Upon my arrival at the LTRH unit the unit team went door to door of the seven new arrivals and told us that we would not be allowed to have our televisions or order food canteen items. I was stunned. When she was

(6)

informed that was contrary to ImPP 11-101 and ImPP 12-120 She referred to L.C.F. General Order 10,105.

Again, General Order 10,105 cannot supersede ANY ImPP. As a level III inmate I'm entitled to have all canteen items and electronics I can buy. Warden Meyer is not allowed to circumvent KDOC policy by legislative fiat. Administrative segregation is not supposed to be used as punishment but that's exactly what is happening in the LTRH unit.

Death Row inmates at El Dorado Correctional Facility have hot pots, televisions, canteen and even go to group outdoor recreation. Do you expect me to believe that for "security" reasons I need to have less privileges than serial killers? I don't buy it. L.C.F. must comply with the policies set forth by the KDOC and put us on equal footing with other administrative segregation inmates.

RELIEF SOUGHT

Give the inmates in the newly-formed LTRH unit the rights and privileges we are entitled to.

Kenneth D. Leek ©

KENNETH D. LEEK ©

cc: File

(7)

LCF  GO  10-105  Attachment

A

## PROPERTY ALLOWED IN RESTRICTIVE HOUSING
### (Alphabetical)

| | | | |
|---|---|---|---|
| Address Book | 1 | Lotion | 2 |
| Alarm Clock | 1 | Magazine | 10 |
| Blue Book/AA text | 1 | MP3 Player | 1 |
| Calendar | 1 | Multi-Purpose Vitamins | 2 bottles |
| Canteen Medication | 1 Each | Newspaper | 10 |
| Cards | 2 Decks | Notebook (no metal) | 2 |
| Checkers Set | 1 Set | Paperback books | 6 |
| Chess Set | 1 Set | Photo Album (no metal) | 2 |
| Comb (small) | 1 | Photographs | 50 |
| Conditioner | 2 | Postage Stamps | 25 |
| Denture Adhesive | 2 | Prayer Rug | 1 |
| Denture Container | 1 | Q-Tips | 2 Packs |
| Dentures | 1 Set | Radio | 1 |
| Deodorant | 2 | Religious Beads | 2 |
| Dictionary (Paperback) | 1 | Religious Medal/Chain | 1 |
| Dominoes | 1 Set | Religious Text | 1 |
| Drinking Cup | 2 | Sandals/Shower Shoes (state Issued) | 1 |
| Earplugs | 1 Set | Shampoo | 2 |
| Envelopes | 2 boxes | Shaving Cream | 2 |
| Eye Glasses | 1 Pair | Shoe Insoles | 1 set |
| Fan | 1 | Soap (bar/gel) | 2 |
| File Folder (non-metal) | 2 | Soap Dish | 1 |
| Foot Powder | 2 | Sunglasses | 1 |
| Greeting Cards | 10 | Surge Protector | 1 |
| Hair Grease | 2 | Toothbrush | 1 |
| Headphone Extension 12' | 1 | Toothpaste | 2 |
| Headphones | 1 | Wave Caps | 2 |
| Ice Chest | 1 | Wedding Band | 1 |
| Lamp | 1 | Writing Paper | 2 Pkg. |
| Letters | 10 | Wristwatch | 1 |

Attachment B, IMPP 20-105
Effective 07-08-14

# Kansas Department of Corrections
## Administrative Segregation Report

TO: <u>Secretary of Corrections</u>                                    Report Number: 81452

FROM: <u>Hutchinson Correctional Facility</u>

Date This Report Filed:        <u>12/4/2020</u>              Time of Report:              8:06 am

Date of Segregation              <u>11/4/2020</u>              Time of Placement:        _____ am
Placement:

Offender Name: LEEK, KENNETH #63523   A1-248      Reason(s) For Segregation (Including Rule No. and Title):
                                                                                        IMPP 20-104 (l)(B)(13) Other Security Risk
Moved from Cell #: B1-232 to Segregation Cell #: ~~B1-232~~

XX☒        Pre-Segregation hearing conducted

☐          Pre-Segregation hearing NOT conducted (Explain)

Facts: <u>Inmate LEEK #63523 has been in Restrictive Housing on DSEG status for being in possession of a contraband</u>
<u>cell phone. He has completed his DSEG sanctions, however I/M Leek will remain in RHU on OSR status due to an</u>
<u>ongoing investigation by EAI and until EAI / Segregation Review Board approve a change in status.</u>

☐        This placement is an Involuntary Protective Custody due to PREA Concerns (Respond to next two sections)

What is the basis for the facility's concern for the offender's safety?

_____

What is the reason no alternative means of separation can be arranged?

_____

                                                                              Approved By:

J Hertel, UTS _____  Date  <u>12/4/2020</u>     _____ Date  12-28-20
Signature and Title of Reporting Officer              Shift Supervisor or Seg Unit Mgr.

                                                                              _____ Date _____
                                                                              Warden Authorization (if needed)

******************************************************************************************

OFFENDER ACKNOWLEDGMENT:
I received a copy of this report on:   Date: 12/28/20     Time: 10:30  am / pm
without prejudice
_Kennel D. Leek_____  # 63523      _____
Offender Signature and Number                          Staff Witness and Title  Smith CS1

Record this Document in Imaging
Original to Master File
Copy to: Warden
            Offender
            PCM
            EAI

Form 9
For Cellhouse Transfer
Work Assignment   INFORMAL RESOLUTION   A2·200
Interview Requests

_LEEK_
**Last Name Only**

### KANSAS DEPARTMENT OF CORRECTIONS

63523
**Number**

### INMATE REQUEST TO STAFF MEMBER

To: Unit Team Wildermuth          Date: 5/10/21
**(Name and Title of Officer or Department)**
**State completely but briefly the problem on which you desire assistance. (Be specific.)**

(1) The court advised me that I have 30 days to research, write and file my appeal brief. We have no research computer or legal resources down here — how am I supposed to do that?

(2) Impp 11-101 and 12-120 state that as a level 3 inmate I'm supposed to have access to my t.v. and be able to order canteen. Why is that not happening here?

Work Assignment: NONE                    Living Unit Assignment: A2-260

Comment: _____          Detail or C.H. Officer: _____

Disposition: _____

To: Leek #63523                    Date: 5/11/2021
**(Name & Number)**

Disposition: You can request certain legal materials from the law library on loan. Impp 11-101 & 12-120 are being changed this was in effect april 1st, 2021 per KDOC secretary of corrections.
**Employee's Signature**
— Wildermuth UTM.

**To be returned to inmate.**

P-0009