IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH D. LEEK, #63523,<br><br>Plaintiff,<br><br>vs.<br><br>KATHRYN A. ANDROWSKI, *et al*,<br><br>Defendants. | No. 21-3100-SAC-ADM |

**MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

COMES NOW Defendant INMATE CALLING SOLUTIONS, LLC (named as "ICSolutions" in Plaintiff's Complaint, hereinafter referred to as "ICS"), by and through its undersigned attorneys, and for its Motion to Dismiss Plaintiff's Complaint [Doc. 9] or in the Alternative for Summary Judgment, states as follows:

### I.  Introduction

This suit is subject to dismissal as Plaintiff is not an intended third-party beneficiary to the contract at issue: the contract states explicitly that the intent of the parties is not to create any rights in a third-party. This is dispositive on this issue as clear law states that the intent of the parties controls whether any intended third-party beneficiaries are created, and only intended third-party beneficiaries have the right to bring breach of contract claims. Additionally, this Court should consider this Motion as one to Dismiss: Plaintiff put the contract at issue by specifically citing numerous provisions from it verbatim – though he chose to ignore the clause that dooms his case – bringing the language of the contract within the pleadings. In the event that this Court disagrees and considers the

contract to be evidence outside the pleadings, ICS requests that this Court convert this Motion to one for Summary Judgment and limit Plaintiff's response only to evidence relating to his claim that he is an intended third-party beneficiary.

## II.     Applicable Law

"Third-party beneficiaries of a contract are divided into intended beneficiaries and incidental beneficiaries, and only intended beneficiaries have standing to sue for damages resulting from the breach of a contract. See *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 793, 107 P.3d 1219 (2005) (finding the State was not an intended third-party beneficiary of a subcontract). The burden of establishing standing to bring suit as a third-party beneficiary rests with the party asserting it. *Id*. See also *Byers v. Snyder*, 44 Kan.App.2d 380, 386–87, 237 P.3d 1258 (2010); *Kincaid v. Dess*, 48 Kan. App. 2d 640, 647, 298 P.3d 358, 365 (2013).

## III.    Argument

Plaintiff's argument that he is an intended third-party beneficiary fails to state a claim upon which relief can be granted, in that the contract explicitly states that it does not create any intended third-party beneficiaries, removing any claim Plaintiff has to standing. Plaintiff cannot bring this suit and the action should be dismissed.

1) ***This matter should be treated as a motion to dismiss as the contract at issue is sufficiently before the Court. If this Court disagrees, this Motion should be converted to one for Summary Judgment so that the contract may be considered in this Court's ruling.***

Plaintiff has brought the contract at issue before this Court sufficient for it to be considered within this Motion to Dismiss: Plaintiff identifies the contract by its

number "ID Number 44861" (Doc. 9, p. 13, ¶ 82) and recites verbatim sections from the Contract relevant to his claim directly from the contract (Doc. 9, p. 13, ¶ ¶ 84-86; p. 13, ¶ ¶ 86-88). See attached full copy of Contract, attached hereto as <u>Exhibit A</u>, and incorporated herein by this reference. Plaintiff has made the Contract at issue a sufficient part of his claim for relief that it can be reasonably considered to be before the Court and within the pleadings. In the event that this Court disagrees, the undersigned respectfully requests that this Court treat the instant motion as a Motion for Summary Judgment:

> "(d) Result of presenting matters outside the pleadings. If, on a motion under subsection (b)(6) or (c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under K.S.A. 60-256, and amendments thereto. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Kan. Stat. Ann. § 60-212 (West).

In the event that this Motion is converted to one for Summary Judgment, Plaintiff should be constrained to bringing forth only material relevant to his claim that he is an intended third-party beneficiary.

### 2) *Plaintiff is not an intended third party beneficiary and lacks standing to bring this suit.*

Plaintiff is not an intended third-party beneficiary and lacks standing to bring this suit. At most he is arguably an unintended third-party beneficiary, which does not grant standing to bring a breach of contract suit under Kansas law. Interestingly, while Plaintiff cites numerous provision of the contract in his Complaint, he fails to include the provision that states, with specificity, that he is not an intended third party beneficiary.

3

For an intended third-party beneficiary to exist, the language of the contract must expressly create such a relationship. "Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly expressed in the contract." *Cornwell v. Jespersen*, 238 Kan. 110, 115–16, 708 P.2d 515 (1985). Knowledge that a contract will benefit a third party is not intent to benefit the third party. *Corrugated Paper Products v. Longview Fibre*, 868 F.2d 908, 912, 914 (7th Cir.1989)." It is axiomatic, too, that if a firm intent to create a third-party beneficiary relationship is required for standing to exist, an express statement to the contrary destroys such standing.

In *Noller v. GMC Truck & Coach Div., Gen. Motors Corp.,* 244 Kan. 612, 617, 772 P.2d 271, 275 (1989), the Court held that no right to a third-party was created when the clear language of the contract shows that no such intent was created.

> "There is no expression of an intent to benefit a third party in the… Agreement. Instead, the provisions of the… Agreement indicate [that the parties] did not have an intention to benefit a third party. The… Agreement provided that it was a personal service contract and that no right or responsibility under the agreement could be transferred. The intention of the parties is to be determined from the instrument itself where the terms are plain and unambiguous." *Id*.

An unambiguous intent not to grant a benefit in a third party is sufficient to defeat any claim of being an intended third-party beneficiary. "The right of a third-party beneficiary rests chiefly upon the fact that the contract will create reasonable expectations on his part and will induce him to change his position in reliance." *Id.* at 617–18. Without action in reliance to a known contract, no intended beneficiary relationship is created.

4

The contract in the instant case is explicit: the intent of the parties was to ensure no rights were created in any third party to enforce the contract. Section 1.18, states "Third Party beneficiaries This contract shall not be construed as providing an enforceable right to any third party." Ex. A, p. 4, § 1.18. This is far more explicit than the language in *Noller*. It is clear that the parties to the contract at issue in this suit plainly, clearly, and explicitly stated their intent not to create any intended third parties. Only intended beneficiaries have the right to sue for breach of contract, and the intent of the parties shows clearly that Plaintiff is not such an intended beneficiary. Plaintiff took no action in reliance of the contract; he only learned its existence after the fact and is using the existence of the contract to justify a suit. The express desire to create no interest in a third-party coupled with the fact that Plaintiff did not act in reliance of his supposed position is dispositive: Plaintiff lacks standing to bring this suit. Plaintiff's suit against ICS should be dismissed.

### IV.   Conclusion

Plaintiff has made the contract a sufficient part of his pleading that this Court should consider this as a Motion to Dismiss. If this Court disagrees and determines that this should be converted to a Motion for Summary Judgment, the contract is clear that Plaintiff is not an intended third-party beneficiary. Plaintiff lacks standing to bring this suit and it should be dismissed as it relates to ICS.

WHEREFORE Defendant INMATE CALLING SOLUTIONS, LLC respectfully requests that this Court enter an Order dismissing this case, with prejudice, or in

the alternative for summary judgment; and for such other and further relief that this Court deems meet and just in the circumstances.

Date: July 7, 2022 /s/ Alexander B. Chosid
Alexander B. Chosid
MO #64780
TKC Holdings, Inc.
1260 Andes Boulevard
St. Louis, MO 63132
Tel: (314) 216-2218
Fax: (314) 213-1190
Alex.Chosid@TKCHoldings.com

*Attorney for Defendant
Inmate Calling Solutions, LLC*

**CERTIFICATE OF SERVICE**

I, Alexander B. Chosid, hereby certify that on this **7th day of July, 2022,** a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following non-participants in electronic filing:

Kenneth D. Leek, #63523
El Dorado Correctional Facility – Central
PO Box 311
El Dorado, KS  67042
Plaintiff- *pro se*

/s/ Alexander B. Chosid
Alexander B. Chosid