Mr. Kenneth D. Leek #63523
E.D.C.F. 1737 S.E. U.S. Hwy. 54
El Dorado, KS 67042-0311

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH D. LEEK,
    Plaintiff,

vs.                   Case No. 21-3100-SAC-ADM

KATHRYN A. ANDROSKI, et al.,
    Defendants.

DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL

KENNETH D. LEEK states:

1. I am the plaintiff in the above-entitled case. I make this declaration in support of my motion for this appointment of counsel.

2. The complaint in this case alleges that the plaintiff was denied his right of access to the court by numerous KDOC prison officials at various prisons.

3. This is a complex case because it contains several different legal claims, with each claim involving a different set of defendants.

4. The plaintiff has demanded a jury trial. This case is now in the pretrial stage, which plaintiff is by no means in a position to properly litigate.

5. This case will require discovery of documents and depositions of multiple witnesses.

6. Plaintiff has no formal legal education.

7. Plaintiff is in long-term administrative segregation. For this reason, he has very limited access to legal materials and has no way to investigate the case, for example by locating and interviewing other prisoners that were in segregation with the plaintiff.

8. Throughout plaintiff's incarceration he has been audited and alleged to have run afoul of the KDOC's property limit policy at least 15 times.

9. Most of plaintiff's property is paper and books, mostly legal in nature.

10. Plaintiff has been advocating for years for the KDOC to amend its property policy so it would no longer force him to mail his legal

books and documents out of the prison or, in the alternative have the prison destroy it. Those requests have fell on deaf ears. (see attached letter and attachments to Mr. Jeff Zmuda)

11. When plaintiff's property was received at EDCF upon plaintiff's transfer the property officer, Cathy Mitchell, immediately took a bunch of it and forced him to make his property fit in one box. (see attached Property Damage claim form and Authorization to Remove Personal Property form)

12. When plaintiff was temporarily transferred to another prison for oral surgery Ms. Mitchell again ended up with plaintiff's property. This was after plaintiff had received a lot of documents, cases, briefs, court orders etc. from the courts and multiple attorneys in regard to the several cases he is currently prosecuting. Again, she refused to give it to plaintiff saying his was not in compliance with the property limitation policy.

13. On July 1, 2022 Mitchell sent her subordinate to the segregation unit with plaintiff's property and instructed him to force plaintiff to mail out or destroy whatever wouldn't fit into one box.

14. Plaintiff elected to keep his very expensive trial transcripts and case file and send his entire case file for this case and an active state habeas to this court for safe keeping while he researched the law on injunctions and restraining orders.

15. Plaintiff handed COI Davis a large box containing the documents along with a letter to the court clerk, an account withdrawal request form for the cost of postage, and an authorization to remove personal property form with instructions to mail it to this court. COI Davis said "no problem" took the box and gave plaintiff the rest of his property. (see attached letter to clerk and authorization form)

16. On July 4, 2022 plaintiff wrote the warden on the advice of his unit team counselor requesting an exemption to the property limit policy. (see attached)

17. As of this date plaintiff's documents have not been mailed out of the facility nor has the warden responded to his letter.

18. Plaintiff can take no action in this matter because he does not have ANY documents relating to it.

19. These facts, along with the legal merit of plaintiff's claims support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for appointment of counsel should be granted.

Kenneth D. Leek
KENNETH D. LEEK

(2)

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the information contained in this declaration in support of plaintiff's motion for the appointment of counsel is true and correct.

*Kenneth D. Leek*
KENNETH D. LEEK

Signed this 12th day of July, 2022

(3)