TO: Mr. Jeff Zmuda
    Secretary of Corrections
    900 S.W. Jackson
    Topeka, KS 66612

                      May 16, 2021

FROM: Mr. Kenneth D. Leek #63523
      L.C.F. P.O. Box 2
      Lansing, KS 66043-0002

RE: Inmates' possession of paper documents in KDOC prisons

Dear Mr. Zmuda:

    For the past few years I have been lobbying hard for the KDOC to join other progressive states in embracing technology specifically taylored for inmate use. In some areas the Department has grudgingly allowed inmates access to electronic devices such as the SCORE 5 and GTL/GettingOut tablets, but only due to the huge amount of revenue they generate for it. Today, I'm asking you to revisit my prior requests for allowing inmates to purchase KDOC approved laptops for an entirely different reason: inmate and staff safety.

    I believe it's obvious that there is a serious K2 (synthetic cannabis) problem in virtually every prison and county jail in the state. I've watched multiple segments on KAKE news dedicated to this very topic. I've also had a front row seat watching KDOC administrators and security personnel struggle to handle the collateral damage resulting from the introduction and use of the drug. I don't need to tell you some of what I've saw has been shocking to say the least. Now, if that isn't bad enough, the black market has been using a new form of introduction and delivery: spraying the drug on paper. To say the KDOC has been struggling to stem the flow of the drug in paper form would be an understatement.

    As you can see by the correspondance I've attached to this missive, I've been ahead of the curve on wanting to remove a considerable amount of paper from the cells of inmates, albeit for different reasons. Even so, I've been woefully unsucessful in obtaining the support of your office. I sincerly hope that changes, especially since my own living conditions have changed.

I am presently being housed in the newly-formed Long Term Restrictive Housing Unit at Lansing Correctional Facility. It has been lauded as the higest security living unit in the entire state and I'm quickly learning it may be exactly that. When I arrived at the facility my property was held for several days while officers combed through it page by page in search of contraband. I have metric tons of paperwork so I'm sure the task was burdensome. If I was allowed to scan those documents and reduce them to digital media I'd get my property sooner, correctional staff would have less work to do, and there would be less paper to examine for drugs. That's a win-win for everyone.

In 2019 your office signed off on a major amendment to ImPP 11-101 that, among other things, removed the clause forcing inmates to remove their electronics from the facility if they lost their incentive level and returned to level one two or more times. That opened the door for an inmate to be able to purchase the KDOC approved laptop, scan their paperwork, download it onto the computer or a memory stick, and send the paper documents out of the facility. If for whatever reason they need them back they have the option of mailing them back in. Once again it's a win-win: no paper in the cell that may or may not have K2 sprayed on it, and less property for the inmate to have to remain in ImPP 12-120 compliance with.

In closing, please take this missive and the attached one into consideration. What I'm proposing makes sense for everyone. Thank you for your time and consideration in this matter.

Respectfully Submitted,
Kenneth D. Leek
KENNETH D. LEEK

cc: File
Laura Kelly
T.R.S.

(2)



714 S.W. Jackson St., Suite 300
Topeka, KS 66603

**Kansas Department of Corrections**

Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary

Laura Kelly, Governor

March 16, 2020

TO:   0063523 LEEK, KENNETH   C2-121

      Hutchinson Correctional Facility

RE:   Correspondence

I received your letter with several ideas for managing inmate property, particularly paper documents. It will be kept on file for reference.

Sincerely,

Douglas W. Burris
Corrections Manager, Risk Management


cc:   Correspondence
      Warden Schnurr
      w/attachments

RECEIVED

MAR 1 6 2020

DOC Facility Management Area

TO:    Mr. Jeff Zmuda
        Secretary of Corrections
        900 S.W. Jackson
        Topeka, KS  6612

February 29, 2020

FROM:    Mr. Kenneth D. Leek #63523
          H.C.F.  P.O. BOX 1568
          Hutchinson, KS  67504-1568

RE:        Transitioning from paper to computers

Dear Mr. Zmuda:

      In this era of corrections both prisoners and prison administrators alike are looking for solutions to everyday problems surrounding having prisoners remain content while serving out their sentences while being able to have the administration satisfied that providing that contentment will not cause a breach in security.  It is that age old conumdrum that leads me to write you today.

      One of security personnel's primary complaints is the copious amount of property prisoners possess, especially in paper form.  They don't like to inventory it, pack it, or dig through it searching for contraband.  In addition to that the KDOC amended IMPP 12-120 in large part due to an audit declaring it an official fire hazzard.  Since that amendment the problem has only become more severe.  My proposition consists of a means to remove a good deal of this nuisance paperwork while earning the KDOC a substantial influx in revenue in the process.

      In the quarter of a century that I have been incarcerated I've witnessed the evolution of technology as it applies to corrections.  The televisions went from black-and-white to huge CRT-style to the 15" flat screens we have today.  The radios went from the huge ghetto blaster-style radios to Panasonic tape decks to digital AM/FM radios to MP3/MP4 players to the Edge Mini tablets we've had the last three years.  As a

bonus the contract the KDOC has with Access Corrections has netted it over a million dollars in revenue from the kickbacks it has received from digital music sales. The common theme, however, is the KDOC has usually kept in time with the evolution of technology. That's not the case when it comes to computers.

Since the 70's prison law libraries have supplied prisoners with typewriters to assist them in the preparation of their legal documents. The state has borne the cost of their purchase, maintenance, correction tape, paper, and ribbons. From my personal experience there have never been enough typewriters to meet the needs of the prison population. This shortage routinely leads to verbal disputes and wasted sessions in the law library. These issues are unnecesary and easily solved.

In 2007 the EDCF administration initiated a pilot program in it s law library. Four computers were installed loaded with Open Office, which is a free, on-line knockoff version of Windows. This allowed prisoners to professionally generate their legal documents and briefs with the added bonus of saving them on the prison server. The software is fantastic and the program worked so well they eventually added more terminals. Since the prisoners now pay for their own copies it has significantly cut the cost of operations for the library.

I was volunteering in the library at the time the program started and the IT technician and librarian informed me the purpose of the program in the long run was to afford prisoners the ability to move from prison to prison and still have access to their legal documents on the server. That was brilliant in form but in function was lacking because the program has never made it past EDCF. As a result once the inmate leaves EDCF he either has to print all his stored files or leave them behind.

For a long time an inmate was allowed to purchase a Brother typewriter for about $150.00. When Union Supply Group took over the price of a typewriter skyrocketed to $357.61! As time has went by these typewriters have basically been considered obselete by society and as an inmate you can no longer purchase one. If you submit the proper forms it will be returned with "out of stock" written on it. After some research it has been learned Union Supply cant get the typewriters from their

supplier. That makes sense as even elementary schools have gone paperless and the students are assigned laptops and/or tablets.

Schools are not the only institution that is going digital. Federal prisons in some places allow prisoners to purchase IPad or similar tablets. Prisoners in Michigan, California, and Minnesota are allowed to purchase laptops and have been for quite some time. Apple has even designed and sold them a special stripped down laptop to accomodate prisons. While these are prisons known that have converted from paper to computer, I'm sure there are more.

As we have evolved and moved on from the black and white television it's time to move on from the typewriter. The KDOC has already given us the Edge Mini Tablet with the ability to do all sorts of things. These tablets could easily be loaded with a word processor program. In fact, it is believed they come from the company with it already installed but the KDOC has requested it be removed.

Kansas prisons are feeling the crushing force of the budget crunch like many other states across the country. In addition we are overcrowded which means additional inmate property (especially of the paper variety) taking up precious space. Prison law librbaries will inherently be taxed even more as they cannot expand proportionately. The amount of motions, briefs, transcripts, and cases in each cell will also increase. If prisoners were allowed to purchase tablets (with attachable keyboards) or stripped down laptops they could draft all their pleadings in their cells or the dayroom and only have to go to the library to print them out. This would decongest the library and allow it to run more safely and efficiently.

Taking this theory even a step further, a printer/scanner/copier is already in every prison library. That means inmates have the ability to scan their legal papers and reduce them to digital media. Being able to do that would all but eliminate the metric tons of paper in the inmate's cells which would benefit everyone. The possibilities are limitless.

Both tablets and laptops are getting cheaper by the day. Rabbit Computers in Wichita is advertising stripped down laptops for $45.00. The Sunday newspaper

advertises RCA 10.1" 2-in-1 tablets loaded with Windows 10 for $180.00  Samsung 11.6" Chromebook 3 laptops are $120.00.  A Cannon printer/scanner/copier is only $60.00.  This is a far cry from the $357.61 we are charged for a typewriter that we can't even actually get.

Obviously certain features would have to be removed from a regular laptop or tablet but that's already been done with the Edge Mini Tablets and the items sold in other states.  With the mark up the KDOC would put on these items it would still have far more appeal and desirability than an overpriced typewriter that is a money pit.  Inmates pay $250.00 for a television that sells in the newspaper for $70.00 so selling a laptop or tablet would not be a hard sell.

In closing, other states have allowing prisoners to have tablets and laptops for close to ten years now so I know this is something that can work.  At present I have way too much paperwork in my celll and such a device would serve to reduce it considerably.  This is a great evolutionary step for the KDOC to take, one that benefits everyone.  I'd love to hear your thoughts on the subject.

Respectfully Submitted,

*Kenneth D. Leek*
Kenneth D. Leek

CC: File
      Laura Kelly
      T.R.S.

# PROPERTY DAMAGE/LOSS OR PERSONAL INJURY CLAIM FORM

## Section I

Filed **AT** Facility No.: 07 | Facility Initials: EDCF
Filed **AGAINST** Facility No.: 01 | Facility Initials: ~~EDCF~~ DCF
(Refer to PLC coding manual for facility no. & initials)

Name of Claimant (Last, First, MI): LEEK KENNETH D.
KDOC Number: 63523

Type of Claim (circle one): Lost Property | Damaged Property | **(Injury)**

Amount of Claim: $29.00
Date of Loss Damage, or Injury (MO/DAY/YR): 4/28/22

Where Loss, Damage, or Injury Occurred:
If occurred in cellhouse, enter cellhouse/room number: _____
Otherwise, circle one of the following: Mailroom | R&D | **(Central Property)** | Laundry | Gym | Dining Room | Other Location

NATURE OF CLAIM (Set forth detailed facts, including date of loss, damage or injury, how it occurred, place of occurrence, how you claim institution or employee was negligent, and amount of the claim.): On 5/6/22 I received a property removal form from the property officer, Ms. Mitchell, stating I needed to remove numerous items from the facility, including but not limited to, a Edge mini tablet wall adapters and a t.v. remote, both of which are new and still in the box. She alleges that the policy in regards to property, IMPP 12-120, states I can only possess one at a time. The policy does NOT say that. (see attached) I want my property returned. The remote has rechargable batteries bought on fundraiser attached.

I am aware that presenting a false claim may result in penalties (under K.S.A. 75-7501 et seq., K.A.R. 44-12-101 et seq., etc.), and I declare (or verify, certify or state) that the foregoing is true and correct to the best of my knowledge, understanding, and belief.

Claimant Signature: Without prejudice, Kenneth D. Leek
Date: 5/9/22

Received from Resident/Claimant: Date: 5/11/2022 Time: 1422
UT Name (print): _____ | UT Signature: _____ | Claimant Initials: KDL

## Section II

Received by Warden/Superintendent on (MO/DAY/YR): _____ | Facility Log No. Assigned: _____
Inquiry Report: This is not a property claim per Perkins. COII Mitchell is putting you in compliance which is a separate issue

Date (MO/DAY/YR): 5-16-2022 | Investigator Name (print): UTS B. Buchner | UT Member or Investigator Signature: _____

## Section III

Attachment F, IMPP 12-120A
Effective 08-09-2021
P-0724d

## Kansas Department of Corrections
### Request/Authorization to Remove Personal Property

Facility: **EDCF**  Date: **4-28-22**

Resident Name: **Leek**  Number: **63523**

I hereby request that the below described personal property be removed from the facility by the means specified.

_____  Staff Signature: **Coll Mitchell 4-28-22**
Resident Signature    Date

| ITEM | DESCRIPTION |
|---|---|
| | 2 pair broken glasses, 1 pr unauthorized glasses, 2 mp chargers excess, 1 mp excess, 2 mp holders, 1 remote excess, 1 pr scissors unauthorized, mis altered wires, 1 knitted item, 1 photo frame |

**Method of Removal (Check One)**

☐ Picked up by visitor or other authorized person.
☐ Donated to charitable organization.
☐ Destroyed. Of no value to resident.
☐ Delivered to the local address shown by facility staff.
☐ Shipped or mailed to person/address indicated.
Removed via furlough.

Receiving Party

Name _____

Address _____

City _____ State ____ Zip ____

Relationship _____

Signature of Person Picking Up Items _____

- If items are to be picked up or shipped, the resident must indicate the name and address of the receiving party.
- If donation to charitable organization is indicated, staff member must indicate the name and address of the organization at the time of disposition.
- If items are to be shipped, the resident must be provided with and complete the actual shipping label used.

The above described property was removed from the facility as specified on this date.

_____  _____
Staff Signature    Date

THIS ITEM RECEIVED ON **4-28-22**
WILL BE DESTROYED BY **5-28-22**
w/ property

TO: Clerk of the Court
444 S.E. Quincy, Room 490
Topeka, KS 66683

July 1, 2022

FROM: Mr. Kenneth D. Leek #63523
E.D.C.F. P.O. Box 311
El Dorado, KS 67042-0311

RE: Forced removal of property / 21-3165-SAC

Dear Clerk,

I am currently in a tiny holding cell being forced to put all my prison property in one box pursuant to prison policy. Whatever doesn't fit will be mailed out or destroyed. I am currently sueing the KDOC for violating my access to the court and just received a favorable ruling and notice pretrial conferences will be scheduled. However, since I have multiple cases in court and the accumulated paperwork, cases, etc. is enormous I am out of compliance with KDOC policy and they will not make any acception to an inmate litigant. Therefore, I'm sending my case files to you and filing for a restraining order and/or preliminary injunction to judge Crow to stop this from happening again. I don't know what else to do.

    Thank You

            Respectfully,
            Kenneth D. Leek
            KENNETH D. LEEK

cc: file

Attachment F, IMPP 12-120
Effective 07-08-14
P-724d

## Kansas Department of Corrections
### Request/Authorization to Remove Personal Property

Facility: _El[lsworth] Correctional Facility_   Date: _7/11/22_

Offender Name: _Kendri[ck] L[ook]er_   Number: _[illegible]_

I hereby request that the below described personal property be removed from the facility by the means specified.

_____  _____   _____  _7/11/22_
Offender Signature            Date        Staff Signature              Date

| ITEM | DESCRIPTION |
|---|---|
| 1 box of legal work | Hundreds of papers pertaining to pending 1 case i.e. |
| | 3e  81-3163  Look v. Shadwick, et. al. |
| | 21-CV-1  Look v. Pliler, et al. |
| | |
| | |

**Method of Removal (Check One)**

☐ Picked up by visitor or other authorized person.

☐ Donated to charitable organization.

☐ Destroyed. Of no value to offender

☐ Delivered to the local address shown by facility staff.

☒ Shipped or mailed to person/address indicated.

  Removed via furlough.

Receiving Party

_Clerk of the Court_
Name

_444 S. Quincy, Room 490_
Address

_Topeka, KS  66683_
City                State   Zip

_Interpleader on behalf of injury_
Relationship

_____
Signature of Person Picking Up Items

- If items are to be picked up or shipped, the offender shall indicate the name and address of the receiving party.

- If donation to charitable organization is indicated, staff member shall indicate the name and address of the organization at the time of disposition.

- If items are to be shipped, the offender shall be provided with and shall complete the actual shipping label used.

The above described property was removed from the facility as specified on this date.

_____       _____
Staff Signature                           Date

White - Inmate Property File    Canary - A & D File    Pink - Inmate Disposition

TO: Mr. Tommy Williams
     Warden
     E.D.C.F. P.O. Box 311
     El Dorado, KS 67042-0311

                            July 4, 2022

FROM: Mr. Kenneth D. Leek #63523
       1737 S.E. U.S. Hwy. 54
       El Dorado, KS 67042

RE: Property Compliance

Dear Sir,

    I am writing you at this time at the referral of my unit team in hope that you may be willing to aid and assist me with a recurring problem I'm having here at E.D.C.F. To make a very long story short, I'm litigating several cases against numerous KDOC employees (none at EDCF) and have amassed a _lot_ of paper documents over the last two years. In the last few months alone COII C. Mitchell, the chief property officer, has cited me for not being in compliance

with IMPP 12-120 twice due mainly to my collection of legal documents. As a result, I've been forced to mail out a large portion of my legal documents in order to keep my trial transcripts that are worth thousands of dollars. That action has created a whole new set of problems.

    What I'd like to ask you is if you will approve me to have an extra legal box until I can complete prosecuting these cases? After that I won't need the metricton of documents anymore.

    Thank you for your time and assistance in this matter. I will patiently await your reply.

Respectfully,
Kenneth D. Leek
KENNETH D. LEEK

CC's File
   T.W. w/attachment

(2)

# Request #187044842

**Profile Photo:**
Profile Photo

**Resident Info**

Name: Kenneth Leek (1975-08-18)
Booking Number: 63523
Submitted Date: 06/30/22 12:39
Submitted from Location/Room: 07,AB1262/B
Current Location/Room: 07,AB1262/B
Facility: El Dorado Correctional Facility - (KS DOC)

**Audit Photo:**
Audit Photo

**Form Info**

Category: Form 9
Form: Unit Team Form 9
Internal Tag: No Tag

**Request Info**

Status: CLOSED by Brian Buchholz
Facility Deadline: 07/14/22 23:59

**Summary of Request:**

Property Compliance

**Details of Request:**

To::
*(Name and Title of Officer or Department)*
Unit Team Buchholtz

**Please provide details about your request:**
*State completely but briefly the problem on which you desire assistance. (Be specific)*
Exhaustion of administrative remedies pursuant to K.S.A. 75-52,138

Please explain to me how I can be in the midst of prosecuting two lawsuits against the KDOC and my property is being held hostage because it all won't fit in one pack out box? Unit team staff have brought me envelope after envelope and brief after brief sent to me by the courts and various attorneys which by themselves fill up that tiny legal box. Not to mention I have to request cases and legal materials from the library in paper form which further effect storage space. Additionally, I have all my general population clothing and laundry bag that was issued to me because I'll soon need it. That doesn't even apply to the language of IMPP 12-120. What I wish to know is who can authorize me to be in possession of my excess legal materials until these cases are completed so Ms. Mitchell will stop forcing me to mail out or destroy my other property because it doesn't fit in a damn box!.Two thirds of my property is paper, mostly legal. I've been trying to leave EDCF out of this lawsuit but if no one will help me that will no longer be possible.

**Work Assignment:**
None

**Comment:**
Informal Resolution

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 07/01/22 10:17 | Brian Buchholz | Changed Status | From 'Open' to 'Closed' |
| 07/01/22 10:17 | Brian Buchholz | Staff Response | You can request through the Warden to have an extra Legal Box. You need to submit it in writing. No is holding it hostage we were waiting for a time that works to bring it done and you were on Hunger Strike so you could not get all you property as well. This would make it difficult to do an audit and allow you to be put into compliance. I'm sure that you clothing was sent back to GP. UTS B. Buchholz |
| 07/01/22 10:17 | Brian Buchholz | Changed Status | From 'Open' to 'Closed' |
| 06/30/22 12:39 | Kenneth Leek | Submitted New | Property Compliance |