IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH D. LEEK, #63523,

    Plaintiff,

    v.

KATHRYN A. ANDROWSKI, *ET AL.*,

    Defendants.

Case No. 21-3100-SAC-ADM

## ORDER

This matter comes before the court on plaintiff Kenneth Leek's Motion for the Appointment of Counsel. (ECF 33.) For the reasons explained below, Leek's motion is denied without prejudice to refiling after the summary-judgment stage.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances. For example, Title VII of the Civil Rights Act of 1964 ("Title VII") provides courts with the discretionary authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Another statutory basis for appointment of counsel authorizes the court to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1). But Leek does not assert Title VII claims, and he is not proceeding IFP. Leek paid the filing fees when he initially filed this case.

Despite this, Leek cites 28 U.S.C. § 1915 as his basis for seeking appointment of counsel. (ECF 33.) Even if he were proceeding IFP, appointment of counsel under § 1915(e)(1) is not warranted. The statute provides the district court with "discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213,

1217 (10th Cir. 2006) (per curiam).  But the court must also be mindful that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  In deciding whether to appoint an attorney to represent an indigent party, the court considers: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Id.*

Following the Tenth Circuit's order, judgment, and remand, Leek has two claims that survived appeal: (1) an access-to-court claim under 42 U.S.C. § 1983 "against the Lansing defendants stemming from the alleged hinderances he faced in attempting to litigate *Scoggin* while housed in Lansing's restrictive-housing unit" (ECF 23, at 14); and (2) a supplemental breach-of-contract claim under Kansas law against IC Solutions and Kroeker under a third-party-beneficiary theory (*id*. at 15-16).  His motion for appointment of counsel does not directly address the merits of his claims beyond stating that "the legal merit of plaintiff's claims support the appointment of counsel." (ECF 33-1 ¶ 19.)  The Tenth Circuit "express[ed] no opinion as to the overall merit of Leek's state-law claim," but did find that Leek had plausibly alleged a nonfrivolous access-to-court claim against the Lansing defendants in remanding that claim.  (ECF 23, at 14-16.) Based on the factual allegations and claims presented in the second amended complaint (ECF 9), the court is unable to determine at this stage whether Leek's claims are particularly meritorious.

The Tenth Circuit's order and judgment sets forth the factual and legal issues, including case citations to the governing law, and the issues do not appear to be overly complex. The complaints and other papers prepared and filed by Leek are fairly detailed and thorough, indicating that he is capable of presenting this case without the aid of counsel, particularly given the liberal standards governing pro se litigants. The court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law. And it does not appear that this case presents any atypical or complex legal issues.[1]

On balance, the relevant factors weigh against appointment of counsel under § 1915(e)(1) even if Leek had been granted IFP status. For these reasons, the court denies his motion.

**IT IS THEREFORE ORDERED** that plaintiff Kenneth Leek's Motion for the Appointment of Counsel (ECF 33) is denied without prejudice to refiling after the summary-judgment stage.

**IT IS SO ORDERED.**

Dated July 19, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge

---

[1] The court notes that the Tenth Circuit denied Leek's motion to appoint counsel for purposes of his appeal.