Mr. Kenneth D. Leek #63523
E.D.C.F. 1737 S.E. U.S. Hwy. 54
El Dorado, KS 67042-0311

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF KANSAS

KENNETH D. LEEK,
    Plaintiff,

    vs.                  Case No. 21-3100-SAC-ADM

KATHRYN A. ANDROSKI, et al.,
    Defendants.

OBJECTION TO MAGISTRATE JUDGE'S ORDER
DENYING THE APPOINTMENT OF COUNSEL

    COMES NOW, the plaintiff, KENNETH D. LEEK, pro se, pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 72 objecting to the magistrate judge's order (Doc. 33) denying his motion requesting the appointment of counsel in the above-captioned cause. In support plaintiff submits the following:

    1. In this circuit it has long been established when pro se litigants move the court for the appointment of counsel they are to evaluate the merits of a prisoner's claims, the nature and complexity of the factual and legal issues involved and the prisoner's ability to investigate the facts and present his claims. Rucks v. Buergermann, 57 F.3d 978, 979 (10th Cir. 1995)

    2. It is also clearly established that decisions of magistrate judges will not be modified or set aside unless they are "clearly erroneous or contrary to the law." 28 U.S.C. § 636 (b)(a) and Fed.R.Civ.P. 72 (a)

    3. In his analysis of plaintiff's request and case, Judge Mitchell made the following statement: "The complaints and other papers prepared and filed by Leek are fairly detailed and thorough, indicating that he is capable of presenting this case without the aid of counsel, particularly given the liberal standards governing pro se litigants." (Order at pg. 3)

    4. In plaintiff's motion he averred he was under seige by prison officials, stripped of all his documents, cases, notes etc relating to this and other cases and had no way to respond to the motion to dismiss filed by defendant IC Solutions. (Motion at para. 5-6)

    5. In plaintiff's declaration in support of his motion he further averred he was forced to give his documents to prison officials for removal

from the prison with instructions to mail them to the court clerk. (Declaration at pg. 2)

6. Because of those facts plaintiff maintains judge Mitchell's claim plaintiff "is particulary capable of presenting this case without the aid of counsel" is clearly erroneous. It is in fact a physical impossibility he could do so.

7. The judge also states plaintiff doesn't need the assistance of counsel "particularly given the liberal standards governing pro se litigants." Plaintiff maintains that analysis is contrary to the law. The court has routinely ordered plaintiff to reply to defendant's motion within 21 days or be barred from doing so, which would result in defendants winning an uncontested motion. See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2nd Cir. 1988) ("... [W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders."

8. The court also ruled plaintiff's motion for appointment of counsel "is denied without prejudice to refiling after the summary judgement stage." (Order at pg. 3) Such a standard practice of denying appointment of counsel until a certain stage of the proceedings, especially given the specific facts of this case, is unduly unfair to this 'segregated' pro se litigant. Without the appointment of counsel to assist plaintiff respond to defendants' motion there will be no need to refile after the summary judgment stage. Even some courts agree. Hendricks v. Coughlin, 114 F.3d 390, 392 (2nd Cir. 1997) (holding such a policy of appointment "plainly poses Catch-22 problems" where assistance of counsel may be "vital to surviving" the defendants' motion.)

9. Judge Mitchell further "ignores the courts' history of appointing counsel for limited purposes when, as in this instance, fairness requires it. Vera v. Utah Dept. of Human Services, 60 Fed. Appx. 228, 230 (10th Cir. 2003) (noting appointment of counsel for the limited purpose of seeking appointment of counsel). Smith v. Kansas Department of Corrections, 2008 WL 4534242, *1 CD. Kan, October 7, 2008 (noting appointment of counsel to assist at a settlement conference.)

WHEREFORE, and because of the above, this court must find that judge Mitchell's order was clearly erroneous and/or contrary to the law, and order that counsel must be appointed to plaintiff in the interest of justice.

Respectfully Submitted,

Kenneth D. Leek

KENNETH D. LEEK

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he hand-delivered this OBJECTION TO MAGISTRATE JUDGES ORDER DENYING THE APPOINTMENT OF COUNSEL to prison officials for e-filing with the U.S. District Court for the District of Kansas on this 25th day of July, 2022.

Kenneth D. Leek

KENNETH D. LEEK

(3)