IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH D. LEEK,

               Plaintiff,

vs.                                              Case No. 21-3100-SAC

KATHRYN A. ANDROSKI, et. al.,

               Defendants.

**O R D E R**

This case is before the court upon plaintiff's objection to United States Magistrate Judge Mitchell's denial of his request for appointment of counsel. Doc. No. 35. Under Fed.R.Civ.P. 72(a), this court is obliged to set aside or modify any part of the order that is clearly erroneous or contrary to law. "The clearly erroneous standard applies to factual findings and requires that the reviewing court affirm unless it on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Nicks v. Brewer, 2010 WL 4873647 *1 (D.Kan. 11/23/2010)(interior quotations omitted). The "contrary to law" standard permits the district court to review legal determinations made by the magistrate judge and to modify or set them aside if the order fails to apply or misapplies relevant standards, case law or rules of procedure. Mobley v. Kerns, 2021 WL 228124 *1 (D.Kan. 1/22/2021).

I. Standards relevant to appointment of counsel

　　According to the Tenth Circuit:

> "There is no constitutional right to appointed counsel in a civil case," Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989), but "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). "[T]he factors to be considered in deciding whether to appoint counsel[ ] includ[e] the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

McCleland v. Raemisch, 2021 WL 4469947 *5 (10th Cir. 9/30/2021), cert. denied, 142 S. Ct. 1155, 212 L. Ed. 2d 33 (2022).

II. Magistrate Judge Mitchell's order

　　Judge Mitchell's order analyzed plaintiff's motion as if plaintiff had been granted in forma pauperis (IFP) status, although, as Judge Mitchell noted, plaintiff has paid the filing fee and is not proceeding under the IFP statute, 28 U.S.C. § 1915.[1] The order referenced the relevant standards (Doc. No. 34, p. 2) and then applied them to the facts before the court.

　　Judge Mitchell described plaintiff's two claims and concluded that she was unable to determine at this stage whether plaintiff's claims were particularly meritorious. Judge Mitchell stated that the issues involved in this case did not appear to be atypical or overly complex. She reviewed plaintiff's pleadings and commented

---

[1] Plaintiff's motion for appointment of counsel did claim that plaintiff was unable to afford counsel. Doc. No. 33, p. 1.

2

that they were "fairly detailed and thorough, indicating that he was capable of presenting this case without the aid of counsel, particularly given the liberal standards governing pro se litigants."  Doc. No. 34, p. 3.  "On balance," Judge Mitchell concluded that the relevant factors weighed against appointment of counsel, even if plaintiff "had been granted IFP status."  Id.  Therefore, the motion for appointment of counsel was denied without prejudice to refiling after the summary judgment stage.

III. Plaintiff's objection

Plaintiff's objection begins by accurately citing relevant legal authorities, including the Rucks case.[2]  Plaintiff asserts that Judge Mitchell did not consider his claim that he "was under siege by prison officials, stripped of all his documents, cases, notes, etc." relating to this case, "and had no way to respond to the motion to dismiss filed by defendant IC Solutions."  Doc. No. 35, p. 1.  He argues that it was clearly erroneous to conclude that he is capable of presenting this case without the aid of counsel because it is "in fact a physical impossibility."  Id. at p. 2.  He further argues that Judge Mitchell's analysis is contrary to law because the court "routinely ordered plaintiff to reply to defendant's motion within 21 days or be barred from doing so," which he is unable to do.  Id.  Finally, plaintiff objects that it

---

[2] Plaintiff makes other citations to case law in the remainder of his objection.

3

will be fruitless to request appointment of counsel after the summary judgment stage if he loses the case before then because he did not have counsel, and plaintiff claims that Judge Mitchell has ignored the court's history of appointing counsel for limited purposes.

IV. The court rejects plaintiff's objection

The court is convinced that Judge Mitchell considered plaintiff's arguments and the appropriate factors. The court does not find her analysis clearly erroneous or contrary to law.

The court is not convinced that plaintiff's claims are too complex for plaintiff to litigate pro se. Plaintiff has two claims in this case. One is a breach of contract claim against IC Solutions under a third-party beneficiary theory. The issue raised in defendant IC Solutions' pending motion to dismiss is simply whether plaintiff has standing to bring a third-party beneficiary claim in light of the contract's language.[3] The motion is six pages. The other issue is an access-to-court claim which plaintiff has been able to litigate so far in this court and before the Tenth Circuit without appointment of counsel.

While plaintiff asserts that prison property rules, as administered, are a major hindrance to his efforts, plaintiff is not new to these kinds of limitations. His motion and his

---

[3] The contract is an exhibit to the motion.

4

objection are conclusory in their factual presentation and fail to describe why he is unable to present fairly detailed, cogent and logical arguments, as he has in the past, if he is given adequate time for preparation. While he claims that he is facing time limits, plaintiff is free to request an extension of time like any other litigant. In fact, he has recently done so. Doc. No. 36. Such motions are often granted.

The court acknowledges that under some circumstances appointment of counsel has been ordered by courts in the Tenth Circuit. The court has examined the cases cited by plaintiff where it's noted that counsel was appointed for some purposes but denied for others.[4] The court is not convinced by that case law that Judge Mitchell's order should be modified or set aside.

V. Conclusion

The court finds that the order denying appointment of counsel is not clearly erroneous or contrary to law. Plaintiff's objection (Doc. No. 35) is therefore denied.

**IT IS SO ORDERED.**

Dated this 11th day of August 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge

---

[4] The cases are: Vera v. Utah Dept. of Human Services, 60 Fed.Appx. 228, 230 (10th Cir. 2003); Smith v. Kansas Dept. of Corrections, 2008 WL 4534242 (D.Kan. 10/7/2008).

5