IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH D. LEEK, #63523,<br><br>                      Plaintiff,<br>vs.<br><br>KATHRYN A. ANDROWSKI, *et al*,<br><br>                      Defendants. | No. 21-3100-SAC-ADM |

**ICS' REPLY TO PLAINTIFF'S RESPONSE TO ITS
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

COMES NOW Defendant INMATE CALLING SOLUTIONS, LLC (named as "ICSolutions" in Plaintiff's Complaint, hereinafter referred to as "ICS"), by and through its undersigned attorneys, and for its Reply to Plaintiff's Response [Doc. 41] to its Motion to Dismiss Plaintiff's Complaint [Doc. 9] or in the Alternative for Summary Judgment, states as follows:

## I. <u>Introduction</u>

Plaintiff has failed to meaningfully contradict the clear evidence that he is not an intended third-party beneficiary to the contract at issue. The majority of the response is relating to issues outside of ICS' control. Dismissal is appropriate.

## II. <u>Applicable Law</u>

"Third-party beneficiaries of a contract are divided into intended beneficiaries and incidental beneficiaries, and only intended beneficiaries have standing to sue for damages resulting from the breach of a contract. See *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 793, 107 P.3d 1219 (2005) (finding the State was

not an intended third-party beneficiary of a subcontract). The burden of establishing standing to bring suit as a third-party beneficiary rests with the party asserting it. *Id*. See also *Byers v. Snyder*, 44 Kan.App.2d 380, 386–87, 237 P.3d 1258 (2010); *Kincaid v. Dess*, 48 Kan. App. 2d 640, 647, 298 P.3d 358, 365 (2013).

### III.  Argument

Plaintiff bears the burden of establishing that he is an intended third party beneficiary and he has failed to do so.

The burden of establishing standing to bring suit as a third-party beneficiary rests with the party asserting it. *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 793, 107 P.3d 1219 (2005). See also *Byers v. Snyder*, 44 Kan.App.2d 380, 386–87, 237 P.3d 1258 (2010); *Kincaid v. Dess*, 48 Kan. App. 2d 640, 647, 298 P.3d 358, 365 (2013). For an intended third-party beneficiary to exist, the language of the contract must expressly create such a relationship. "Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly expressed in the contract." *Cornwell v. Jespersen*, 238 Kan. 110, 115–16, 708 P.2d 515 (1985).

The contract in the instant case is explicit: the intent of the parties was to ensure no rights were created in any third party to enforce the contract. Section 1.18, states "Third Party beneficiaries This contract shall not be construed as providing an enforceable right to any third party." Ex. A, p. 4, § 1.18. Plaintiff cited no facts or law to contradict this assertion, stating only "Plaintiff maintains he is a third-party beneficiary of the contract between KDOC and ICSolutions." [Doc. 41, p.

2, ¶ 6. This is insufficient. Plaintiff has failed to carry his burden to show that he is an intended third-party beneficiary and dismissal is appropriate.

The majority of Plaintiff's response addresses issues unrelated to ICS' motion, citing issues with prison mail, his lack of appointed counsel, and insufficient legal aid within the facility in which he is incarcerated.

### IV.   Conclusion

Plaintiff has made the contract a sufficient part of his pleading that this Court should consider this as a Motion to Dismiss. If this Court disagrees and determines that this should be converted to a Motion for Summary Judgment, the contract is clear that Plaintiff is not an intended third-party beneficiary. Plaintiff lacks standing to bring this suit and it should be dismissed as it relates to ICS.

WHEREFORE Defendant INMATE CALLING SOLUTIONS, LLC respectfully requests that this Court enter an Order dismissing this case, with prejudice, or in the alternative for summary judgment; and for such other and further relief that this Court deems meet and just in the circumstances.

Date: September 1, 2022    　　　　　　/s/ Alexander B. Chosid
　　　　　　　　　　　　　　　　　　Alexander B. Chosid
　　　　　　　　　　　　　　　　　　MO #64780
　　　　　　　　　　　　　　　　　　TKC Holdings, Inc.
　　　　　　　　　　　　　　　　　　1260 Andes Boulevard
　　　　　　　　　　　　　　　　　　St. Louis, MO 63132
　　　　　　　　　　　　　　　　　　Tel: (314) 216-2218
　　　　　　　　　　　　　　　　　　Fax: (314) 213-1190
　　　　　　　　　　　　　　　　　　Alex.Chosid@TKCHoldings.com

　　　　　　　　　　　　　　　　　　*Attorney for Defendant*
　　　　　　　　　　　　　　　　　　*Inmate Calling Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I, Alexander B. Chosid, hereby certify that on this **1st day of September, 2022,** a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following non-participants in electronic filing:

Kenneth D. Leek, #63523
El Dorado Correctional Facility – Central
PO Box 311
El Dorado, KS  67042
Plaintiff- *pro se*

*/s/ Alexander B. Chosid*
Alexander B. Chosid