IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KENNETH D. LEEK,

                    Plaintiff,

vs.                                    Case No. 21-3100-SAC

KATHRYN A. ANDROSKI, et. al.,

                    Defendants.


## O R D E R

     This case is before the court upon the motion to dismiss or
for summary judgment of defendant IC Solutions ("ICS").  Doc. No.
32.  The court assumes the motion is brought under Fed.R.Civ.P.
12(b)(6).

     The second amended complaint alleges that ICS has a contract
to provide computer tablets to the Kansas Department of Corrections
and that the tablets are supposed to afford inmates free access to
law library services.  Plaintiff alleges that the tablets do not
provide law library access and that plaintiff, as a third-party
beneficiary, is entitled to relief under breach of contract.

## I. Rule 12(b)(6) standards

     Rule 12(b)(6) directs the court to dismiss an action if the
complaint "fails to state a claim upon which relief may be
granted."  This requires the court to determine whether the
complaint contains "sufficient factual matter, accepted as true,

1

to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The "usual rule" is "that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." Alvarado v. KOB TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007). There is a limited exception to this rule: "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

In this instance, plaintiff has referred to the contract between ICS and the State of Kansas in the second amended complaint. ICS has submitted a copy of the contract with its motion to dismiss. The court has heard no dispute as the document's authenticity. Therefore, the court may consider the contract in deciding the motion to dismiss without violating the rules governing a motion to dismiss for failure to state a claim.

II. The court shall dismiss plaintiff's breach of contract claim.

"Third-party beneficiaries of a contract are divided into intended beneficiaries and incidental beneficiaries, and only intended beneficiaries have standing to sue for damages resulting

from the breach of a contract." <u>Kincaid v. Dess</u>, 298 P.3d 358, 365 (Kan.App. 2013). "The burden of establishing standing to bring suit as a third-party beneficiary rests with the party asserting it." <u>Id.</u>

"To determine whether a particular person is an intended beneficiary of a contract, the court applies the general rules for construction of contracts." <u>Id</u>. "Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly expressed in the contract." <u>Cornwell v. Jespersen</u>, 708 P.2d 515, 520-21 (Kan. 1985). "Knowledge that a contract will benefit a third party is not <u>intent</u> to benefit the third party." <u>Noller v. General Motors Corp.</u>, 772 P.2d 271, 275 (Kan. 1989). "The intention of the parties and the meaning of the contract are to be determined from the instrument itself where the terms are plain and unambiguous." <u>Cornwell</u>, 708 P.2d at 521.

In this instance, the contract's terms are plain and unambiguous. The contract states: "This contract shall not be construed as providing an enforceable right to any third party." Therefore, the court finds that plaintiff may not bring a breach of contract action against ICS alleging that he is a third-party beneficiary of the contract.

III. <u>Conclusion</u>

The motion to dismiss (Doc. No. 32) shall be granted.

**IT IS SO ORDERED.**

Dated this 6th day of September 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge