**EXHIBIT G**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENNETH D. LEEK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case. No. 21-3100-SAC-ADM |
| ) | |
| **KATHRYN A. ANDROSKI,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DECLARATION OF JOHN STIFFIN

I, John Stiffin, being of lawful age, make the following declaration pursuant to 28 U.S.C. § 1746 relating to the captioned matter based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment.

1. I have been the librarian, also called the Public Service Administrator, at Lansing Correctional Facility (LCF) for six years.

2. As the librarian at LCF, I oversee the general library, law library, library employees, library schedule, and related supplies.

3. I recruit, hire, and oversee library clerks.

4. I personally answer Form 9's from inmates directed to the library. I receive the Form 9's from the mailroom. I receive and answer dozens of Form 9's a day. I answer all of them. I try to respond to them by the end of business on the day I receive the Form 9 and am usually able to do so. I return each Form 9 to the inmate and do not keep copies of them.

5. I keep a record of library items checked out to and returned from inmates.

6. A record of the legal items checked out by Leek during his time at LCF from 2021-2022 are attached to this affidavit as Appendix A.

7. The law library has ten computer stations with access to LexisNexis, available for use by residents in general population. When inmates experience technical issues with these computers, I help troubleshoot the issues and keep the computers running, sometimes with the help of Information Technology staff if needed.

8. The library e-files to the district court any court filings received from inmates.

9. In my time as librarian, the library has also provided thousands of "legal packs" to inmates upon request, which include paper, envelopes, and manila envelopes.

## Policies and Procedures

10. I attest that the LCF library has been following and currently follows Kansas Department of Corrections (KDOC) Internal Management Policy and Procedure (IMPP) 10-107, except that library services are not provided on weekends, and – due to staff shortages – library services are not currently provided in the evenings. Most of the legal materials listed in IMPP 10-107 are now provided electronically through LexisNexis.

11. I attest that the LCF library has been following and currently follows the following LCF General Orders (GO's): 21-101 and 21-102.

**Library Resources in General**

12. Currently, no inmates are allowed physical access to the general section of the library because of COVID-19. Books from the general section of the library are currently requested through Form 9's.

13. The deputy warden of support services helps schedule law library sessions for inmates in general population, and I supervise those law library sessions.

14. Most legal resources are provided electronically through LexisNexis. The computer stations in the law library provide access to LexisNexis during law library appointments.

15. IMPP's and GO's are generally accessed through the computer stations.

16. During law library appointments, inmates generally access legal materials on the computer and print copies if desired. The inmates then either pay for those copies using copy tickets or account withdrawal requests (AWR's) to receive copies.

17. Copy tickets are yellow, are about the size of a business card, and have twenty punches. One punch is used per page. They can be purchased from the canteen.

18. AWR's are requests for withdrawals from the inmate's account and are separate from canteen purchases. AWR's can only be made for charges exceeding $15 worth of material, which would be more than 150 pages at ten cents per page, or under indigent status.

19. Indigent forms allow inmates to pay a copying charge using an AWR for charges up to $15 if they are indigent. This avoids the need to use copy tickets. Many inmates qualify to use indigent forms.

20. The copies received under indigent status must be relevant to the inmate's cases. If the materials requested under indigent status appear highly questionable and most likely unrelated to the inmate's case, I will ask the deputy warden of support services whether the materials should be provided. For example, one time an inmate requested cases regarding space rocks and space defense, and those were deemed not relevant to the inmate's cases, so they were not provided to the inmate under indigent status. If the deputy warden of support services disapproves the materials in this way, the inmate can still receive the materials if he can show the relevance of those materials to his case.

## Library Restrictions for Inmates in Restrictive Housing

21. Physical library access is not allowed for offenders in Restrictive Housing (RH) per LCF policy to prevent violent incidents.

22. Hardcover books cannot be delivered to RH residents per LCF policy.

23. Paperback books can be delivered to RH residents, although limited in number per resident.

24. Reference materials cannot be checked out by any inmates because then those reference materials would not be available to other residents while checked out.

25. If books get stolen from the library, the stolen books cannot be used by any inmates unless and until they are replaced.

26. Most of the law books are hardcover. The law books that are paperback are considered reference materials. As a result, no law books can be directly checked out by RH inmates.

27. RH residents can receive photocopies of the table of contents of a book or a particular section of a book.

28. RH residents can receive a list of law books available upon request.

29. RH residents can receive tables of contents from the United States Code, which could be a table of contents of the available Titles or of the contents within a Title.

30. Copies of cases can be provided by library staff if enough identifying information is provided to make clear which case the inmate wants, such as a citation or a case title.

31. Generally, for budgetary reasons, RH residents can check out three items at a time without charge for two weeks each.

32. RH residents can ask their unit teams for an exception to the checkout limit based on the demands and deadlines of the resident's active court cases. If approved by the RH resident's unit team, I allow the RH resident to check out more than three items.

33. If an inmate wants additional copies, they can receive them using copy tickets or AWR's. This process helps manage the costs associated with these copies.

34. Library employees go to the RH units every day, except weekends and holidays, to deliver and pick up checked out resources. Generally, they deliver the resources to the Officer in Charge (OIC) of the unit and also pickup resources from the OIC. Otherwise, they will leave the delivered resources in the unit team's mailbox.

35. I frequently provide copies of GO's to RH residents upon request, except for those that are designated "Staff Read Only." If the request is not specific enough, I provide a table of contents of the available GO's and ask them to provide more specificity.

36. Until recently, I provided copies of IMPP's to RH residents upon request, or a table of contents of available IMPP's, similarly to how I handle requests for GO's. In the last few months, another LCF employee, Brett Peterson, has been handling requests for IMPP's by RH residents and providing the RH residents with copies of IMPP's.

37. The library sends out hundreds of copies of case law and policies every month.

38. I frequently provide free tax forms to RH residents upon request, including 1040's, earned income tax credit forms, and change of address forms.

39. I frequently provide legal forms from the Kansas Judicial Council to RH residents upon request. The residents pay for copies of these forms using copy tickets or AWR's.

40. I frequently direct RH residents on how to request a free K.S.A. 60-1507 form from the clerk of the court.

41. Even for inmates in general population, partner research is only allowed with the permission of a resident's unit team. Inmates with law library appointments at the same time often talk amongst themselves, however.

42. Library staff is not licensed to practice law and therefore requests for assistance in locating cases or other legal resources are referred to Charles Cavenee at Legal

Services for Prisoners. Requests for assistance in interpreting IMPP's are also referred to Legal Services for Prisoners.

43. I have not personally seen LexisNexis on tablets, but my understanding through communications with other LCF staff is that LCF recently received tablets with access to LexisNexis, which are available for checkout by offenders in RH.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2022.

_____ *John Stiffin*
John Stiffin
Librarian / Public Service Administrator, Lansing Correctional Facility
Kansas Department of Corrections

### Appendix A – LCF Library Items Checked Out by Leek, 2021-2022

| Check-out Date | Check-in Date | Library Item |
|---|---|---|
| May 17, 2021 | May 27, 2021 | Brown v. Wyo. Dept. of Corrections |
| May 17, 2021 | May 27, 2021 | Smith v. Maschner |
| May 17, 2021 | May 27, 2021 | Hentz v. Gruenwald |
| July 1, 2021 | August 4, 2021 | Martinez v. Gomez |
| July 1, 2021 | August 4, 2021 | Langley v. Coughlin |
| July 1, 2021 | August 4, 2021 | Jones El v. Berge |
| August 11, 2021 | August 26, 2021 | Koch v. City of Del City |
| August 11, 2021 | August 26, 2021 | Abdulhaseeb v. Calbone |
| June 30, 2021 |  | Jones 'El v. Berge, 164 F. Supp. 2d 1096 |
| September 2, 2021 | January 2, 2022 | McBride v. Deer |
| September 2, 2021 |  | Ruppert v. NM Department of Corrections |
| September 2, 2021 | January 10, 2022 | Wardell v. Duncan |